## NORTH AMERICAN TRUST COMPANY *v.* BURROW.

Opinion delivered February 2, 1901.

MORTGAGE FORECLOSURE SALE—RIGHTS OF PURCHASER.—One who purchased at a sale under a mortgage is not entitled to recover from the mortgagor in possession the rents and profits accrued during the year allowed for redemption where he gave the mortgagor no notice to quit, and made no demand for rents and profits. (Page 586.)

Appeal from Pope Circuit Court.

CHARLES C. REID, Special Judge.

## STATEMENT BY THE COURT.

Appellee was the owner and in possession of certain tracts of land; and, to secure a sum of money owed by him to the Jarvis-Conklin Mortgage Trust Company, conveyed said land to a trustee. After the mortgage debt fell due and on the 6th day of November, 1897, the land was sold by a substitute trustee, and bought by appellant for the full amount of the debt, interest and costs. Appellee, having had possession all the time, remained in possession until the 27th day of September, 1898, when this suit was begun against him for the land and $500, alleged to be the rental value of the land from the time of the sale until the suit was begun. The purchaser-appellant was a stranger to the mortgage. There is no allegation that it was the assignee of, or otherwise interested in, the debt or mortgage. No allegation is made that any demand was made, either for possession or rents. There is no allegation that appellee even had notice that·appellant had acquired any interest in the debt, mortgage or land until the suit was begun.

The suit being the first intimation appellee had of appellant's claim to the land, he at once surrendered the possession of the land, and at the trial voluntarily submitted to a judgment for costs, and demurred to so much of the complaint as sought to recover rents.

The court sustained the demurrer to the claim for rents, and adjudged appellant the land and costs, and it appealed.

*Bullock & Lawrence*, for appellant.

Appellant was entitled to the rents during the year allowed for redemption. *Cf.* 65 Ark. 125; 66 Ark. 572, 573.

*J. F. Sellers*, for appellee.

The owner of an equity or redemption, while in unmolested possession of the land, is not accountable for rents. 36 Ark. 29; 127 U. S. 494; 15 Am. & Eng. Enc. Law, 819; 2 Washb. Real Prop. 532; 122 N. Y. 197; 15 Mass. 268; 16 Mass. 280; 8 Pick. 460; 14 Pick. 525; 4 McKay, 179; 111 U. S. 242; 70 Me. 358; 9 Conn. 216; 79 N. C. 497; 44 Vt. 601; 5.) Mo. App. 665; 81 Va. 391; 87 N. Y. 239; 4 Kent's Comm. 1,7; 1 Ping. Mortg. § 830, et seq. He is a tenant at

sufferance.   12  Am.  &  Eng.  Enc.  Law,  668;  2  Metc.  26;  18 Vt. 346;  1 Wood, Landlord & Tenant,  21.   A tenant at sufferance is not liable for rent.   1 Taylor, Landlord & Tenant, § 64;  12 Am. & Eng. Enc. Law, 669; 4 Kent's Comm. 117;  1 Wood, Landlord & Tenant, § 11.   The complaint should show capacity to sue.   Bliss, Code Pldg., § 246.

WOOD, J., (after  stating  the  facts.)   The  rule  is  well settled "that a mortgagee is not entitled to demand of the owner of the equity of redemption the rents and profits of the mortgaged premises until he takes actual possession."   *Teal* v. *Walker*, 111. U. S. 242;  *Greer* v. *Turner*, 36 Ark. 29;  *Freedman's Saving & Trust Co.* v. *Shepherd*, 127 U. S. 494;  *Mayo* v. *Fletcher*, 14 Pick. Mass. 525.   The purchaser at a sale under the mortgage, when a stranger to the mortgage, could certainly have no greater rights than the mortgagee when he purchased. The mortgagee, after forfeiture and sale, having purchased, is certainly entitled to possession, and to the rents and profits, after notice to quit and a demand for rents and profits has been made.   But even the mortgagee himself is not entitled to any more than this.   Much less would a purchaser, not the mortgagee, during the period for redemption be entitled to rents and profits without demand, notice or suit for possession.

The question of the right to possession is not involved. Appellee concedes that to appellant.   The status of the owner of the equity of redemption in possession and during the period allowed for redemption is that of a tenant by sufferance, who is not required to pay rent.   Wood's Landlord and Tenant, §§ 6, 11; 12 Am. & Eng. Enc. Law (1st Ed.), 668, 669; 1 Taylor, Landlord and Tenant, § 64; *Stedman* v. *Gassett*, 18 Vt. 346.

Affirm.