## DEISCH v. MOORE.

### Opinion delivered January 16, 1911.

MORTGAGES—SALE—RIGHTS OF PURCHASER.—A purchaser at a mortgage sale is not entitled to recover from the mortgagor in possession the rents and profits during the period allowed for redemption.

Appeal from Phillips Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*Fink & Dinning,* for appellants.

1. The purchaser at a foreclosure sale under the powers contained in the deed of trust is entitled to the possession of the land during the year allowed by law for the redemption, and also to the rents and profits arising from same during that period. 66 Ark. 572; 65 Ark. 129; 92 Ark. 315.

2. The agreement executed by Peter Deisch does not have the effect to take this case out the rule above stated, because (*a*) there is no consideration for its execution expressed therein, nor shown in evidence *aliunde;* (*b*) it was an undertaking by him as executor, and he is suing in his individual capacity; (*c*) it is not signed by four of the appellants, two of whom are minors, whose interests it cannot affect.

*R. W. Nicholls* and *Moore & Vineyard,* for appellee.

1. Under the facts in this case appellants could not have maintained an action for unlawful detainer; and if they could not

have maintained that action, they cannot maintain this action for rent.   33 Ark. 682; 44 Ark. 444.

2.  One who purchases at a sale under a mortgage is not entitled to recover from the mortgagor the possession of the rents and profits accrued during the year allowed for redemption where he gave the mortgagor no notice to quit and made no demand for rents and profits.   68 Ark. 586; 36 Ark. 29; 127 U. S. 494; 65 Ark. 134; McAdams on Landlord & Tenant, 41.

3.  Appellants cannot evade the force and effect of the agreement signed by Peter Deisch not to take steps to dispossess Eugenia Bentley before January 1, 1910, by saying that subsequently to its execution the land was sold under the powers contained in the deed of trust, and purchased by them.   They were chargeable under the law with notice as to how she and her tenants held the property.   68 Ark. 586.

KIRBY, J.  This suit was brought by appellants to collect $440.50 claimed to be due for rent of certain lands in Phillips County described in the complaint.

It was alleged that they became the owners of the lands on 31st day of May, 1909, having purchased them at the trustee's sale under a deed of trust executed by Robert and Eugenia Bentley to secure an indebtedness to Peter Mengoz; that appellees, Eugenia Bentley and Moore Bros., with full knowledge of their title and rights, received various amounts of cotton from tenants on said lands upon which appellant claimed a lien for rent for the year 1909, and converted same to their use. Appellees denied appellants' possession or right thereto before January 1, 1910, that appellants had a lien upon the crops grown upon the lands in 1909, that any rents were due them and any indebtedness whatever to appellants; alleged that Eugenia Bentley was the widow of Robert Bentley, who died intestate and without children December 16, 1907, and continued to occupy the lands as a homestead after his death, and in the early part of January, 1909, rented them out to the several tenants, taking rent notes therefor; that she was unable to procure supplies for her tenants unless C. L. Moore & Bros., to whom she applied, were assured that her possession would not be interfered with before January 1, 1910, by reason of proceedings to collect the past due indebtedness secured by said deed of trust; that she procured

from appellant Peter Diesch, who was executor of the estate of said Peter Mengoz, on February 18, 1909, in consideration of her payment of the taxes, an agreement to take no steps to dispossess her from the lands before January 1, 1910, which she presented to Moore Bros., who relied upon same and took the rent notes given by her tenants to her for rent for 1909, and advanced the supplies; that the proceeds of the crops raised by said tenants were by said Moore Bros. applied to the payment for supplies furnished. Said agreement was made an exhibit to the answer and reads:

"Feb. 18, 1909.

"This is to certify that I, as executor of the estate of Peter Mengoz, deceased, will take no steps to dispossess Eugenia Bentley from the lands mortgaged by Robert Bentley to said Mengoz, before January 1, 1910.

"Peter Deisch."

"Witness R. W. Nicholls."

The testimony showed that appellants purchased the lands at the sale by the trustee under the deed of trust from Robert Bentley and Eugenia Bentley to secure an indebtedness to Peter Mengoz, and same were conveyed to them by said trustee's deed on May 31, 1909. That after said deed was made Peter Deisch told one of the tenants that the place belonged to appellants, and the rent would be due them in the fall; that he so advised all the tenants in September, and that he wanted them to pay the rent to him. This they declined to do, saying they might get into trouble, as two people were claiming the rent. He then told them to pay it to Moore Bros., who he said agreed to hold it and pay it to the one the court decided was entitled to it. He also told Eugenia Bentley, after appellants purchased these lands, that he was claiming them, and she replied she was claiming them, too. He did nothing further towards taking possession. He admitted executing the statement set out as an exhibit to the answer, but did not intend to divest himself of the right to collect the rents for the year 1909, in the event it became necessary to foreclose the deed of trust. Peter Deisch bought the lands at the foreclosure sale for appellants, and the proceeds paid the whole of the debt and all costs. He knew that under

the law the deed should not have been executed until after the expiration of 12 months.

Eugenia Bentley was in possession of the lands as a homestead after her husband's death, and rented them out to tenants for the year 1909, and procured supplies to be furnished them by Moore Bros., after the said agreement not to dispossess her before January 1, 1910, in case of foreclosure sale was executed by Peter Deisch, executor.

The crops were turned over to Moore Bros., and they were paid for their supplies by Eugenia Bentley, and have the rents, $440.50, claimed by her in their possession.

The chancellor found in favor of appellees, and dismissed the complaint for want of equity, and appellants appealed.

This case is ruled by the case of *North American Trust Co.* v. *Burrow,* 68 Ark. 586. Appellee Eugenia Bentley was the mortgagor in possession of the premises and the time for which rent is claimed by appellants, purchasers at the foreclosure sale under the mortgage, is part of the period allowed for redemption. They did not take actual possession of the lands after the conveyance to them, nor make demand or bring suit therefor, neither did they give appellee notice to quit and demand the rents, but at most only notified her they claimed the rents. Her status during the period allowed for redemption was that of a tenant by sufferance, who is not required to pay rent. Taking this view of the case and Moore Bros. having been paid for the supplies they furnished by Eugenia Bentley and having no interest in the rents collected from her tenants held by them, we deem it unnecessary to pass on the question of estoppel.

Judgment is affirmed.