## TALLMAN *v*. HEUCK.

### Opinion delivered March 13, 1922.

JUDICIAL SALE—RIGHTS TO RENT DURING REDEMPTION PERIOD.—A purchaser at a mortgage foreclosure sale is not entitled to recover from the mortgagor in possession the rents and profits accrued

during the year allowed for redemption where he gave the mortgagor no notice to quit, and made no demand for rents and profits.

Appeal from Arkansas Circuit Court, Northern District; *George W. Clark,* Judge; affirmed.

### STATEMENT OF FACTS.

Appellant sued appellee to recover the sum of $325, the value of one-third of the hay cut on a certain tract of land in Arkansas County, Ark. Appellant purchased the land on which the hay was grown at a mortgage foreclosure sale on July 31, 1919. There was a confirmation of the sale by the chancery court on October 7, 1919. The hay was cut and removed from the land by a tenant of the mortgagor between those dates.

The chancellor found the issues in favor of appellee, and the case is here on appeal.

*George C. Lewis,* for appellant.

After a judicial sale has been confirmed, the ownership begins at the date of sale, and not from the confirmation thereof. 99 Ark. 324; Rorer on Judicial Sales, § 122; 17 Am. & Eng. Ency. of Law, 993; 80 Ark. 1; 56 Ala. 295; 33 W. Va. 299.

*Edwin Pettit,* for appellee.

A purchaser is entitled to possession on the issuance of a commissioner's deed. 99 Ark. 329. A deed absolute on its face conveys all the grantor's interest in growing crops. 10 Ark. 14; 14 Ark. 290.

A purchaser is not entitled to the rents between the date of sale and the date of confirmation, but is liable for interest on the purchase money. 170 Ky. 657; 186 S. W. 503; 3 Ky. Law Rep. 466; 3 Ky. Law Rep. 469; 65 S. W. 439; 23 Ky. Law Rep. 1497; 78 Ky. 496; 80 Ky. 501; 56 S. W. 504; 22 Ky. Law Rep. 9; 140 Ky. 80; 130 S. W. 953; Ann. Cas. 1912-B, 395.

A purchaser is entitled to possession of the property and also to the rents after confirmation. 140 Ky. 80; 130 S. W. 953.

A mortgagor in possession is entitled to receive and apply to his own use the income of the mortgaged estate. 2 Jones on Mortgages, (7th Ed.) § 670.

In a mortgage foreclosure sale the purchaser does not acquire title to the premises nor right of possession until a delivery of the deed by the officer making the sale. Wiltsie on Mortgage Foreclosure, vol. 2, § 718; 51 N. Y. 447; 52 Barb. (N. Y.) 319; 106 Iowa 287; 76 N. W. 708; Kan. App. 383; 51 Pac. 924; 62 Kan. 850; 62 Pac. 655; 4 Abb. (N. Y.) N. C. 200; 11 Paige Ch. (N. Y.) 436; 43 Am. Dec. 766; 5 Sandf. (N. Y.) 477; 9 N. Y. Weeks Dig. 468; 78 Ky. 496.

A purchaser is not entitled to possession nor to rents and profits until he has made demand under his deed for possession. Wiltsie on Mortgage Foreclosure, § 718; 51 N. Y. 447; 52 Barb. (N. Y.) 319; 11 Paige, Ch. (N. Y.) 436; 43 Am. Dec. 766; 5 Sandf. (N. Y.) 447; 134 N. Y. Supp. 78.

Where rent becomes due and payable between the day of sale and the time when the purchaser is entitled to possession, it belongs to the owner of the equity of redemption and not to the purchaser. Wiltsie on Mortgage Foreclosures, § 719; 90 Ill. App. 11; 46 Ore. 308; 114 Am. St. Rep. 871; 80 Pac. 209; 92 Ill. App. 377; 144 Fed. 810; 75 C. C. A. 540; 11 Paige, Ch. (N. Y.) 436; 43 Am. Dec. 766; 25 N. Y. 462; 11 Abb. (N. Y.) Pr. N. S. 147; 42 How. (N. Y.) p. 33; 33 N. Y. Sup. Ct. (1 J. & S.) 67; 5 Sandf. (N. Y.) 447.

A purchaser at foreclosure sale is not entitled to rents or profits accruing before foreclosure or during the pendency of the proceedings. 3 Jones on Mortgages, § 1659.

The relation back doctrine does not apply to rents accrued and crops severed and removed prior to the order of confirmation. 3 Jones on Mortgages, § 1653; 4 Heisk. 80; 7 Heisk. 131; 11 Lea 267; 9 Heisk. 681; 1 Swan 484; 99 Ark. 328; 123 Ark. 20; 86 Ark. 255.

Even a tresspasser obtains title to crops raised by him on lands of another after severance and removal. 140 Ark. 281.

HART, J., (after stating the facts). The ruling of the trial court was correct. In *North American Trust Co.* v. *Burrow*, 68 Ark. 584, it was held that one who purchases at a sale under a mortgage is not entitled to recover from the mortgagor in possession the rents and profits accrued during the year allowed for redemption, where he gave the mortgagor no notice to quit, and made no demand for rents and profits.

Again in *Deisch* v. *Moore*, 97 Ark. 262, the court held that a purchaser at a mortgage sale is not entitled to recover from the mortgagor in possession the rents and profits during the period allowed for redemption. The court said that the mortgagor in possession during the period allowed for redemption is a tenant by sufferance, and is not required to pay rent until after notice to quit or eviction.

In the instant case it does not appear that the purchaser at the mortgage foreclosure sale had acquired possession of the land or had given the mortgagor notice to quit. Hence the purchaser at the foreclosure sale was not entitled to the rents sued for and could not maintain a suit for the conversion of the crops.

The case of *Brasch* v. *Mumey*, 99 Ark. 324, relied upon by counsel for appellant, has no application. The point involved in that case was whether the right of redemption under sale for delinquent assessments ran from the date of the sale or from the confirmation thereof.

It follows that the judgment must be affirmed.