COLE v. NEW ENGLAND SECURITIES COMPANY.

Opinion delivered April 18, 1927.

1. MORTGAGES—RIGHTS OF PURCHASER AT FORECLOSURE SALE.—
   A purchaser of land at a mortgage foreclosure sale is entitled to
   possession and to rents and profits after notice to quit and demand
   therefor.

2. MORTGAGES—NOTICE TO QUIT—JURY QUESTION.—Whether a pur-
   chaser at a mortgage foreclosure sale gave the owner and his
   tenant notice to quit and made demand for rents, *held* for the
   jury on conflicting evidence.

Appeal from Crawford Circuit Court; *James Coch-ran*, Judge; reversed.

STATEMENT OF FACTS.

The New England Securities Company instituted this action in the circuit court against Jesse T. Cole and John T. England to recover $130, alleged to be due as the rent for 1924 of sixty acres of land described in the complaint.

The record shows that, on the 3d day of March, 1924, a decree foreclosing a mortgage on said land was entered of record in the Crawford Chancery Court in favor of the New England Securities Company and T. C. Alexander against L. A. Carnes and Jesse Cole, and, in default of the payment of the mortgage indebtedness within the time specified, it was decreed that said land be sold by a commissioner and the proceeds of sale first applied to the satisfaction of the mortgage indebtedness. T. C. Alexander became the purchaser at the foreclosure sale for a sum less than the mortgage debt, and the commissioner duly executed to him a deed to said land, which was examined and approved by the chancery court on the 5th day of May, 1924.

W. R. Willis, field agent of the New England Securities Company, was a witness for it. According to his testimony, he went out to the land in the summer of 1924 and stated to John T. England, who was on the land, cultivating it as a tenant, that he was the agent of the New England Securities Company, and demanded of

England that he pay the rent to him. England agreed to pay the rent as demanded, and, at that time, gave Willis some sweet potatoes as a part payment of the rent.

Jesse T. Cole was a witness for the defendants. According to his testimony, he occupied the land in controversy during the year 1923, and owned it at that time. For the year 1924 he rented the place to J. T. England and put him in possession of it. Cole denied that there had been any demand made upon him for the possession of the land, notice to quit, or demand for the rent for the year 1924. He admitted that England paid him the rent on the land about the first of December, 1924.

According to the testimony of John T. England, Willis came out to the place in the summer of 1924 and told him that it belonged to him. He gave Willis a few peaches and some sweet potatoes. England had rented the place from Jesse Cole, and heard something about a suit against Cole to foreclose a mortgage on the land. Willis did not make any demand upon him for possession of the place and did not demand the rent for the year 1924. Afterwards the witness was advised to pay the rent to Cole, and did pay him $130 as rent for the place for the year 1924.

The court directed a verdict in favor of the plaintiff, and, from the judgment rendered, the defendants have duly prosecuted an appeal to this court.

*E. D. Chastain,* for appellant.

*O. D. Thompson,* for appellee.

HART, C. J., (after stating the facts). The court erred in directing a verdict in favor of the plaintiff. The law is that a purchaser at a foreclosure sale under a mortgage is entitled to possession and to the rents and profits after notice to quit and a demand for rents and profits has been made. *North American Trust Co.* v. *Burrow,* 68 Ark. 584, 60 S. W. 950, and *Oliver* v. *Deffenbaugh,* 166 Ark. 118, 265 S. W. 970. According to the evidence for the defendants, no demand for the rents and profits was made upon them, and, under the authorities

cited, their testimony tends to show that they were entitled to the rents and profits for the year 1924.

It is true that, according to the evidence for the plaintiff, a demand for the rents and profits for the year 1924 was made, and the court should have submitted this disputed question of fact to the jury, under proper instructions. It could not direct a verdict in favor of the plaintiff, because there was a dispute upon the question of whether the plaintiff gave the defendants notice to quit and made a demand for rents and profits for the year 1924.

It follows that the judgment must be reversed, and the cause will be remanded for a new trial.