C. M. BRADY v. ROBERT SCOTT.

175 So. 724.
Opinion Filed June 2, 1937.
Rehearing Denied July 31, 1937.

*Claude L. Gray* and *George W. Johnson,* for Appellant; *C. P. Dickinson* and *J. J. Dickinson,* for Appellee.

BUFORD, J.—The appeal is to review an order dissolving a temporary injunction and dismissing a bill of complaint.

The bill of complaint sought process to enjoin a statutory proceeding to evict a tenant at sufferance. The complainant in the injunction suit did not comply with the provisions of Section 3176 R. G. S., 4968 C. G. L., by paying the costs of the suit at law.

The record shows that appellant went into possession of certain property under some sort of verbal agreement to pay rent. While he was in possession of the property un-

der this agreement the owner sold the property to the appellee and thereafter the appellant attorned to the new owner, paying his rent to him from month to month. His tenancy was, under the provision of Chapter 15057, Acts of 1931, Amended Section 3567 R. G. S., a tenancy at sufferance. We know of no better definition of a tenancy at sufferance than that found in 35 C. J. 1134, which is as follows:

"A tenancy at sufferance arises where one comes into possession of land by a lawful title otherwise than by act of law, and occupies it thereafter without any right or title at all. To render one a tenant at sufferance it is necessary that he be actually in possession of the land; there can be no such thing as a tenant at sufferance out of possession. To create a tenancy at sufferance it is not necessary that any privity of contract or of estate exist between the parties. Indeed, the tenancy cannot be created by contract. The tenancy arises only out of the *laches* of the owner, and therefore, a person whose original possession was lawful cannot, after his right to possession has terminated, claim the rights of a tenant at sufferance, if the owner has not been guilty of *laches*. Want of consent to the continued occupancy of the tenant is the distinguishing characteristic between a tenancy at sufferance and a tenancy at will. The former differs from the latter in that a tenant at sufferance enters lawfully and holds over wrongfully without the land owner's assent or dissent, whereas a tenant at will holds over by the landowner's permission. The holding of a tenant at sufferance is the most shadowy estate recognized at common law and practically the only distinction between such a tenant's holding and the possession of a trespasser is that the landowner may, by his acquiescence, at any time base upon the tenancy at sufferance the relation of the landlord and tenant, which he cannot establish at law against a mere

trespasser, and that the tenant cannot be subjected to an action in trespass before entry or demand for possession. Since a tenant at sufferance is a wrongdoer, and in possession as a result of the landowner's *laches* or neglect, he has no term, and no estate or title, but only a naked possession without right, and wrongfully. He acquires no permanent rights because the landowner neglects to disturb his possession and the landowner is entitled to resume possession and the tenant is entitled to quit, at any time, without notice. A tenant at sufferance has no estate that can be granted by him to a third person, and one who enters on land under a lease or assignment from such a tenant is a disseizor, and is liable in trespass at the option of the landowner. Nor has the tenant such an estate as will entitle him to demand compensation in case the demised property is taken under the power of eminent domain.

"Creation. 1. In General.—A tenancy at sufferance arises only when a person comes into possession lawfully, but holds over wrongfully, after the termination of his interest. To create a tenancy at sufferance the person entering into possession must have done so in recognition of the other's superior title, and his occupancy must have continued as a result of the landowner's neglect to assert his right to possession. If a person enters and continues in possession adversely, he is not a tenant at sufferance. A tenancy at sufferance cannot arise from agreement.

"Statutory Provisions.—In some jurisdictions it is provided by statute that every estate in land for a greater term than one year attempted to be created by parol or otherwise than by deed signed and sealed by the grantor, lessor or declarant, shall be an estate by sufferance. In other jurisdictions, by statute, a tenancy by sufferance arises whenever any person obtains possession of premises without

the consent of the owner or other person having the right to give possession."

After restraining order was entered, motions were filed to dissolve the same and to dismiss the bill of complaint, which motions were granted after the taking of testimony before the Honorable Frank A. Smith, Judge of the Circuit Court in and for Orange County.

It is not necessary to discuss what the applicable law might be under a different state of facts. The record here shows a state of facts which establishes the character of the tenancy to be a tenancy at sufferance.

The jurisdiction of the County Judge's Court to entertain and determine the issues presented in the summary proceedings filed therein is not challenged.

This case is to be differentiated from the case of General Motors Acceptance Corporation v. Lynch Building Corporation, 118 Fla. 2, 159 Sou. 785. In that case we dealt with an alleged oral agreement to make a lease and not with an oral lease and we held that there was sufficient consideration shown to make the agreement to execute the lease binding. That question is not presented here.

The bill of complaint was without equity and was properly dismissed. So the orders appealed from are accordingly affirmed.

Ellis, C. J., and Terrell and Davis, J. J., concur.