**In re Gregory HICKMAN.**

**Gregory HICKMAN, Plaintiff,**

v.

**UNION NATIONAL BANK OF ARKANSAS, Defendant.**

**Bankruptcy No. 92–14070S.**

United States Bankruptcy Court,
W.D. Arkansas,
Texarkana Division.

April 23, 1993.

Marquis Jones, Little Rock, AR, for plaintiff.

Joel Taylor, Little Rock, AR, for defendant.

Arnold Jochums, Asst. Atty. Gen., Little Rock, AR, for State.

A.L. Tenney, Trustee.

## *FINDINGS OF FACT AND CONCLUSIONS OF LAW*

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the trial of the Complaint for Turnover filed on May 14, 1992. The essential facts of this case are undisputed. The debtor purchased his home in January 1986, executing a promissory note and mortgage in favor of the defendant Union National Bank of Arkansas ("the bank"). In June 1991, the debtor ceased making his mortgage payments, after which the bank accelerated the loan, gave the debtor notice of default and intent to sell, and noticed a sale pursuant to the nonjudicial foreclosure statute. *See* Ark.Stat. 18–50–103 to 18–50–106. The sale was conducted on April 14, 1992. The sale was consummated, a deed signed, and recorded on that date. *See* Ark.Stat. 18–50–107, 18–50–110. The bank purchased the property.

The next day, April 15, 1992, the debtor filed a voluntary Chapter 13 petition in bankruptcy, listing the bank, the Internal Revenue Service, and the Arkansas Department of Finance and Administration as creditors. Under the proposed plan, the debtor proposed to pay $418.61 each month to the trustee who was to distribute full payment to the taxing authorities, an amount representing the full monthly mortgage payment, and a payment on the mortgage arrearage. The plan was confirmed, no objections being filed, on June 16, 1992. On July 7, 1992, the bank filed a proof of claim, which asserted a secured claim, and stated the balance due on the mortgage and the rate at which interest accrues.

On April 28, 1992, the bank filed a motion for relief from stay requesting that it be permitted to proceed with state court eviction proceedings. On May 14, 1992, the debtor filed this adversary proceeding, re-questing turnover of the property, removal of any "cloud or claim" against debtor's property, damages for violation of the automatic stay,[1] and punitive damages. The debtor asserted that the nonjudicial foreclosure procedure is unconstitutional rendering the sale ineffective such that the real property was property of the estate when the Chapter 13 petition was filed. Further, the debtor asserted that since the confirmed plan provides for payment to the bank, the bank cannot now evict the debtor.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. Moreover, this Court concludes that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b) as exemplified by 28 U.S.C. § 157(b)(2)(E).

The matter was called for trial and all parties announced ready. At the close of the plaintiff's case, the Court granted the defendant's motion for judgment as a matter of law on the issue of the constitutionality of the statute inasmuch as the plaintiff failed to present competent evidence of any unconstitutionality of the statute. The trial proceeded on the other issues raised by the complaint and confirmation of the plan.

■ The first issue for the Court is whether the subject real property is property of the estate. The Arkansas statute under which the sale was conducted provides in pertinent part:

18–50–107. Manner of sale. * * *

(e) The purchaser at the sale shall be entitled to possession of the property upon the filing of record of the trustee's or mortgagee's deed. Any person remaining in possession thereafter under an interest subordinate to the interest of the mortgagee or trustee shall be deemed to be a tenant at sufferance, and the purchaser shall be entitled, upon application, to a writ of assistance.

18–50–108. Effect of sale.

(a) A sale made by a mortgagee or trustee of the attorney for the mortgagee or trustee shall foreclose and terminate all interest in the trust property of all per-

---

**1.** Debtor abandoned this issue at trial: it was not addressed in his opening statement, and no evidence was presented regarding any violation of the stay.

sons to whom notice is given under § 18–50–104 and of any other person claiming by, through, or under such person. * * * (b) A sale shall terminate all rights of redemption, and no persons shall have a right to redeem the trust property after a sale.

Ark.Stat. 18–50–107(e), 18–50–108(a), (b). Thus, under Arkansas law, on the date of the filing of the petition in bankruptcy, the debtor had no legal right or interest in the property, nor even a right of redemption. The only possible interest of the debtor, and thus of the estate, 11 U.S.C. § 541, on April 15, 1992, was what has been described by courts as a "shadowy" tenancy at sufferance. The fact that the debtor provided for payment of a sum equivalent to the mortgage payments in the plan cannot alter his legal rights in the land under state law. The fact that the plan presumes a legal right does not create the right.

However, the confirmed plan which included payments for property at which the debtor was then residing, notice of which was provided to the bank, does affect the rights of the debtor and the bank with respect to each other. Confirmation of the plan "bind[s] the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327. The plan contemplates that the debtor will continue to reside in the subject property, paying a sum certain for the enjoyment of that property. The plan further provides that the debtor will pay on a debt consisting of the arrearage on the mortgage payments. Since the debtor is, as of the date of the petition, merely a tenant at sufferance, and the confirmed plan essentially provides for rent, the debtor may continue to reside in the residence for the duration of the plan, paying the rent specified in the confirmed plan. The debtor resides on the property not as owner, but as lessee.

While the bank may have had numerous legal and equitable objections to the inclu-

sion of its property in the plan, it made no objection despite clear notice of the proceeding and plan. The Court is aware of no authority which would have permitted the debtor to create a leasehold over the objection of the bank. A tenant at sufferance is one who "comes into possession of land by a lawful title otherwise than by act of law, and occupies it thereafter without any right or title at all.... The tenancy arises only out of the laches of the owner." [2] *Brady v. Scott*, 128 Fla. 582, 175 So. 724 (Fla.1937). At common law the rightful owner of property had an election to evict a tenant at sufferance. *Semmes v. United States*, 14 Ct.Cl. 493 (Ct.Cl.1878).

The filing of the bankruptcy, the inclusion of payment to the bank and the bank's retention of plan payments binds the bank to the contract established by the plan. Under these particular facts, where the bank was active in the case, the neglect in failing to object to the plan and the subsequent confirmation of the plan, constituted acquiescence in the leasehold for the term of the plan. Further support for the debtor's lawful possession for the life of the plan is found in the bank's receipt, deposit, and retention of plan payments. At common law, the recognition and receipt of rent creates a tenancy from year to year. *Semmes v. United States*, 14 Ct.Cl. 493 (Ct.Cl.1878) ("If, however, the landlord, continuing to suffer the tenant to retain the occupancy, recognized him as tenant by any act of consent, such as the payment and acceptance of rent, there arose against the landlord the presumption of a continued privity between him and his tenant, and the common law again intervened and raised the estate from a tenancy at sufferance to a tenancy from year to year."). The effect of receipt and retention of these payments, combined with the failure to object to the plan thus creates a "rightful" holdover.

The bank had the opportunity to protect its rights by objecting to confirmation, but failed to do so. In this case, of even great-

---

**2.** A tenancy at sufferance is distinguished from a tenancy at will by conduct of the land owner: a tenant at sufferance holds over wrongfully without the land owner's consent, while a tenant at will holds over with the landowner's permission. *Brady v. Scott*, 128 Fla. 582, 175 So. 724 (Fla.1937).

er import than accepting the payments under the plan was the failure to object to the plan. Further, after confirmation, the bank filed a proof of claim which merely asserted a security interest in, rather than ownership of, the property.[3] The proof of claim thus appears to acknowledge and acquiesce to the plan's terms providing for the debtor's continued residence in the property. Whether by neglect or design, the bank consented to the terms of the plan, thereby creating or, at least, acquiescing to, a lease for the term of the plan.

Likewise, the debtor had the opportunity to protect his rights, but failed to do so. The bank properly followed state law procedures in initiating and noticing a nonjudicial foreclosure, but neither the debtor nor his attorney took any action. Indeed, the debtor testified that he timely received the notice of sale but failed to attend on the belief that a bankruptcy petition had already been filed. Since the bankruptcy petition was in fact filed one day too late,[4] under Arkansas law, the debtor had no interest in the property on the date his bankruptcy case was filed. The plan cannot resurrect rights which were extinguished prior to the filing of his petition.

Based upon the foregoing, it is

ORDERED that the Complaint for Turnover will be dismissed on the merits. While the debtor's plan, by which the bank is bound, provides for his continued residence in the subject real property, the debtor is limited to tenancy for the term of the plan.

**IT IS SO ORDERED.**

---

**3.** The proof of claim and motion for relief are facially contradictory. The proof of claim asserts a secured claim, states the balance due on the mortgage, and the rate at which interest accrues. In contrast, the motion for relief from stay asserts that the foreclosure already occurred and that the real property is not property of the estate. The proof of claim appends the deed of trust executed by the debtor as proof of the security interest. The motion for relief from stay appends the trustee's deed as proof of the debtor's lack of interest.

**4.** It is well-settled that "Counsel's disregard of his [or her] professional responsibilities can lead to extinction of his [or her] client's claims." *Comiskey v. JFTJ Corporation,* 989 F.2d 1007 (8th Cir.1993) (quoting *Denton v. Mr. Swiss of Mo., Inc.,* 564 F.2d 236, 240–41 (8th Cir.1977)). *See also, Boogaerts v. Bank of Bradley,* 961 F.2d 765, 768 (8th Cir.1992) ("A [party] chooses counsel at his peril.").