**IN RE: Jimmy WELLS, Debtor.**

**Farmers Bank & Trust Company, Movant**

v.

**Jimmy Wells, Debtor, and Mark T. McCarty, Chapter 13 Trustee, Respondents**

**Case No. 3:14–bk–13542J**

United States Bankruptcy Court, E.D. Arkansas, Jonesboro Division.

Signed August 14, 2015

Joe C. Barrett, Attorney at Law, Jonesboro, AR, for Debtor.

Jeremy Michael Thomas, Gibson & Thomas, P.A., Osceola, AR, for Farmers Bank and Trust Company.

### ORDER DENYING MOTION FOR RELIEF FROM STAY

Phyllis M. Jones, United States Bankruptcy Judge

On January 15, 2015, a hearing was held on the *Motion for Relief from Automatic Stay* (the "Motion") filed by Farmers Bank & Trust Company ("Farmers Bank") on October 24, 2014 [Doc # 34]. Jeremy M. Thomas of Gibson & Thomas, P.A., appeared on behalf of Farmers Bank. Joe C. Barrett appeared on behalf of the Debtor, Jimmy Wells. The parties presented the Motion on stipulated facts and exhibits. The parties also requested the Court to take judicial notice of certain pleadings on the Court's docket. The Court gave the parties the opportunity to brief the issues presented and took the matter under advisement. For the reasons stated below, the Motion is denied.

### I. Jurisdiction

This Court has jurisdiction over the matters presented under 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G), and (O). The following constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052 made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9014.

### II. Background

Prior to the bankruptcy filing the Debtor and Sandra Wells executed certain promissory notes in favor of Farmers

Bank. To secure repayment of the promissory notes the Debtor and Sandra Wells executed mortgages granting Farmers Bank a lien on real property located in Mississippi County, Arkansas, as more particularly described as follows:

A part of the East Half of the Northeast Quarter of Section 18, Township 14 North, Range 11 East described as beginning at a point 20 feet South and 440.6 feet West of the Northeast Corner of said Section 18; thence West 104.7 feet; thence South 171 feet; thence East 104.7 feet; thence North 171 feet to the point of beginning.

Pl.'s Ex. 1 at 5. The real property is commonly known as 2063 East County Road 378, Blytheville, Arkansas (the "Residence"). Pl.'s Ex. 1 at 5.

The Debtor and Sandra Wells defaulted on the promissory notes, and Farmers Bank instituted a judicial foreclosure proceeding in the Circuit Court of Mississippi County, Arkansas, Case No. CV–2013–125. Pl.'s Ex. 1 at 1. A Decree of Foreclosure (the "Decree") was entered in the state court action on September 13, 2013, holding that Farmers Bank held a "first lien" on the Residence and all rights of redemption existing under the laws of the State of Arkansas were "duly and properly waived" in the mortgages. Pl.'s Ex. 1 at 2. Farmers Bank was awarded an *in personam* judgment against the Debtor and Sandra Wells and an *in rem* judgment against the Residence in the amount of $106,959.81, plus interest at the rate of $16.2510 per day from June 3, 2013, until September 13, 2013, plus post judgment interest at the rate of ten percent per annum. Pl.'s Ex. 1 at 2–4. The Decree also held that if the

judgments were not paid within ten days from the date of the rendition of the Decree the clerk of the state court could advertise the Residence for sale at public auction. Pl.'s Ex. 1 at 4–5.

The judgments were not satisfied within the time allowed by the Decree and on June 20, 2014, the Residence was offered for sale at a public auction to the highest bidder. Pl.'s Ex. 4 at 1. Farmers Bank was the highest bidder at the sale, offering the sum of $77,000.00 for the Residence. Pl.'s Ex. 4 at 1. On June 20, 2014, the state court entered an Order of Confirmation confirming the sale and finding that the terms of the sale were proper in all respects ("Order Confirming Sale"). Pl.'s Ex. 5 at 1. On June 30, 2014, at 12:02 p.m., Jimmy Wells filed a voluntary petition for relief under the provisions of Chapter 13 of the United States Bankruptcy Code. At 3:30 p.m. the same day the Commissioner's Deed conveying the Residence to Farmers Bank was recorded in the real estate records of Mississippi County, Arkansas. Pl.'s Ex. 6 at 1. As stipulated in open court by the parties, the Debtor was in possession of the Residence on the date the bankruptcy petition was filed.

The Debtor also filed a proposed Chapter 13 plan on June 30, 2014 (the "Plan"). Although the Plan was not introduced into evidence, the Debtor requested the Court to take judicial notice of the Plan. The parties do not dispute that the Plan provides treatment for Farmers Bank's claim by proposing to pay the regular monthly payment plus an additional payment to cure the arrearage on Farmers Bank's claim.[1] The parties also stipulated that the order confirming the Plan was entered

---

1. Under Rule 201 of the Federal Rules of Evidence, in taking judicial notice of the Plan the Court may ascertain undisputed facts such as the general treatment of Farmers Bank's claim. FED. R. EVID. 201(b); *In re* *Gordon–Brown,* 340 B.R. 751, 761 n. 2 (Bankr.E.D.Pa.2006) (taking judicial notice of the schedules for the purpose of ascertaining the timing and status of events in the case and facts not reasonably in dispute).

on the Court's docket on October 3, 2014. The order confirming the Plan ("Order Confirming Plan") provided as follows:

The Court finds that the plan as filed by the debtor complies with all provisions of Chapter 13 and with all other provisions of Title 11 of the United States Code; that all fees, charges, or amounts required under Chapter 123 of Title 28 or by the plan, to be paid before confirmation, have been paid; that the plan has been proposed in good faith and not by any means forbidden by law; that the plan complies with Section 1325, of the United States Bankruptcy Code, and that the plan should be confirmed. Therefore,

IT IS ORDERED:

1. That the plan should be and hereby is confirmed. To effectuate the plan, the debtor shall make payments to the trustee according to the plan, which plan shall not exceed 60 months. The payments shall continue until further orders of the Court.

2. Notwithstanding any plan term to the contrary, the debtor may not obtain a refund or disbursement from the trustee without a court order after notice and hearing.

3. Notwithstanding the provisions of the chapter 13 plan, the Trustee shall receive such percentage fee of plan payments as may be periodically fixed by the Attorney General pursuant to 28 U.S.C. § 586 and pursuant to 11 U.S.C. § 1326(b)(2).

4. Whenever the plan confirmed by this order refers to the debt, debts, claim or claims of creditors, such reference shall be construed to mean allowed claim or allowed claims. The total

amount of an allowed claim shall be the amount stated on a proof of claim properly filed by or on behalf of such creditor, unless the Court determines a different amount following the filing of an objection to such claim.

IT IS SO ORDERED.

Order Confirming Plan [Doc # 29].[2] Farmers Bank raises no issues concerning notice or lack of notice of the Plan. It is undisputed that Farmers Bank did not object to confirmation of the Plan.

### III. Arguments

Farmers Bank makes two arguments in support of its Motion. First, Farmers Bank argues that the Debtor had no legal or equitable interest in the Residence at the time the bankruptcy petition was filed because the foreclosure sale was final prior to the petition date. Second, Farmers Bank argues that the Order Confirming Plan did not revive the Debtor's property interest in the Residence nor result in the Residence becoming property of the Debtor's bankruptcy estate. Based on these arguments Farmers Bank asserts that the Residence is not property of the estate and, if the automatic stay applies to any action for Farmers Bank to take possession of the Residence, the stay should be relaxed to allow it to do so.

The Debtor argues that the Order Confirming Plan binds Farmers Bank to the terms and provisions of the confirmed Plan. The Debtor also argues that Farmers Bank is attempting to collaterally attack the Order Confirming Plan by its Motion and should be barred from doing so based on the doctrine of *res judicata*. Based on these arguments, the Debtor as-

---

**2.** The Court may "take judicial notice of the truth of facts asserted in documents such as (1) orders, (2) judgments, and (3) findings of fact and conclusions of law because they state the law of the case under the principles of collateral estoppel and res judicata." 2 BARRY RUSSELL, BANKRUPTCY EVIDENCE MANUAL § 201.7 (2014–15 ed.2014).

serts that relief from stay should be denied.

## IV. Discussion and Analysis

### A. *Scope of the Automatic Stay*

The filing of a bankruptcy petition operates as a stay against, among other things, the continuation of a judicial action against the debtor, the enforcement of a pre-petition judgment against the debtor or against property of the estate, and the enforcement of certain liens against property of the debtor. 11 U.S.C. § 362(a)(1), (2), (5) (2012). The automatic stay also applies to "any act to obtain possession of property of the estate or of property from the estate." 11 U.S.C. § 362(a)(3) (2012). By its own terms, the automatic stay thus applies to the debtor, property of the debtor, and property of the estate. 11 U.S.C. § 362(a) (2012); *Nev. Power Co. v. Calpine Corp. (In re Calpine Corp.)*, 365 B.R. 401, 408 (S.D.N.Y.2007). The first issue to be determined is the applicability of the automatic stay to the facts in this case.

### *The Residence*

■ Farmers Bank argues that the Residence is not property of the estate and not protected by the automatic stay. The Court agrees. The filing of a voluntary bankruptcy petition creates an estate comprising "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (2012). State law generally determines the nature and extent of a debtor's property interest for purposes of determining property of the estate. *In re Ausburn*, 524 B.R. 816, 819 (Bankr. E.D.Ark.2015) (quoting *Schinck v. Stephens (In re Stephens)*, 221 B.R. 290, 292 (Bankr.D.Me.1998)).

■ In Arkansas, in the context of a judicial foreclosure, the debtor no longer has an interest in real property once his rights of redemption have expired. *Id.* at

819 (quoting *In re Sugarloaf Props., Inc.*, 286 B.R. 705, 708 (Bankr.E.D.Ark.2002)). The Court in *In re Ausburn* discussed the mortgagor's rights of redemption as follows:

> Generally, a "mortgagor's equitable right of redemption" terminates pursuant to the terms of a judicial foreclosure decree, although the redemption period may be extended "for a reasonable period of time." *Id.* [*In re Sugarloaf Properties, Inc.*, 286 B.R. at 708.] Upon termination of his equitable right of redemption, a "mortgagor no longer has a right to redeem his property from the mortgage." *Id.* (citing *In re Crime Free, Inc.*, 196 B.R. 116, 118 (Bankr. E.D.Ark.1996)).

> Under Arkansas law, a mortgagor also possesses a statutory right of redemption pursuant to Arkansas Code Annotated § 18–49–106. "Where the statutory right of redemption is not waived by the mortgage instrument, the mortgagor's statutory right of redemption exists but is not a 'legal or equitable' interest in the foreclosed property under § 541 because redemption is only the right to tender full payment and gain possession of the foreclosed property." *Id.* at 709 (citing *First Fed. Sav. & Loan Assoc. of Titusville v. Booth (In re Booth)*, 18 B.R. 816, 817 (Bankr. E.D.Ark.1982)).

*In re Ausburn*, 524 B.R. at 819–20.

In the case before the Court, the Decree makes a finding that all the Debtor's rights of redemption existing under the laws of the State of Arkansas were waived in the instruments of security. Pl.'s Ex. 1 at 2. The Decree then holds that pursuant to the foreclosure proceeding all the Debtor's "right, title, interest, liens, equities of redemption and rights or possibilities of dower or homestead ... shall be and are hereby divested out of the [Debtor]." Pl.'s

Ex. 1 at 5. The sale was conducted on June 20, 2014, and the Order Confirming Sale was entered that same date. Pl.'s Exs. 4, 5. Based on the Decree and Order Confirming Sale, both the Debtor's statutory right of redemption and equitable right of redemption terminated prior to the bankruptcy petition being filed. Consequently, this Court agrees with Farmers Bank's argument that the Debtor had no legal or equitable interest in the Residence to include in the bankruptcy estate. The Residence is not property of the Debtor's bankruptcy estate, and the automatic stay does not apply to the Residence.[3]

*Eviction Proceedings*

■ Farmers Bank, as the purchaser of the property, seeks relief from the stay to evict the Debtor from the Residence to take possession of the Residence. Under Arkansas law, a former owner who continues to reside on property following a foreclosure sale is characterized as a tenant at sufferance during the period allowed for redemption. *See, e.g., Tallman v. Heuck,* 152 Ark. 438, 438, 238 S.W. 603, 603 (1922); *Deisch v. Moore,* 97 Ark. 262, 262, 133 S.W. 1035, 1036 (1911); *N. Am. Trust Co. v. Burrow,* 68 Ark. 584, 584, 60 S.W. 950, 951 (1901). Where the former owner's rights of redemption have expired, at least one court has characterized the former owner's interest as a " 'shadowy' tenancy at sufferance." *Hickman v. Union Nat'l Bank of Ark. (In re Hickman),* 154 B.R. 730, 732 (Bankr.W.D.Ark.1993); *see also, Marion v. Town & Country Mut. Ins. Co.,* 59 Ark. App. 120, 124, 952 S.W.2d 681, 683 (1997) (stating that mortgagor, who remained in possession of residence sold in

foreclosure with sale confirmed, did not have insurable interest when fire destroyed foreclosed property).

A tenancy at sufferance is a property interest that becomes property of the debtor's bankruptcy estate. *Cuffee v. Atl. Bus. & Cmty. Dev. Corp. (In re Atl. Bus. & Cmty. Corp.),* 901 F.2d 325, 328 (3rd Cir.1990) ("a debtor's possession of a tenancy at sufferance creates a property interest as defined under Section 541 and is protected by Section 362 of the Bankruptcy Code").

In addition, several courts have found that a debtor's mere possession of property or mere possessory interest in property is protected by Section 362(a). *See, e.g., Cuffee,* 901 F.2d at 328 ("a possessory interest in real property is within the ambit of the estate in bankruptcy under Section 541, and thus the protection of the automatic stay of Section 362"); *48th St. Steakhouse, Inc. v. Rockefeller Group (In re 48th St. Steakhouse, Inc.),* 835 F.2d 427, 430 (2nd Cir.1987) ("mere possessory interest in real property, without any accompanying legal interest, is sufficient to trigger protection of the automatic stay"); *In re Lankford,* 305 B.R. 297, 301–02 (Bankr. N.D.Iowa 2004) ("All recognizable interests of the debtors or the estate are afforded the protection of § 362(a). This includes a mere possessory interest in real property without any accompanying legal interest.... The automatic stay covers eviction actions.") (citing *In re Williams,* 144 F.3d 544, 546 (7th Cir.1998); *In re Reinhardt,* 209 B.R. 183, 185 (Bankr. S.D.N.Y.1997); *In re Kilby,* 100 B.R. 579,

---

**3.** Farmers Bank also argues that plan confirmation did not revest the Debtor with a property interest in the Residence nor transform the Residence into property of the estate, citing the case of *Boyd v. U.S. (In re Boyd),* 11 F.3d 59 (5th Cir.1994). The Debtor does not argue to the contrary. The Debtor argues

only that Farmers Bank is bound by the provisions of the confirmed plan treating Farmers Bank's claim. Neither party presented evidence to prove the Plan proposed to transfer an ownership interest in the Residence from Farmers Bank to the Debtor.

580 (Bankr.M.D.Fla.1989)); *Turbowind, Inc. v. Post St. Mgmt., Inc. (In re Turbowind, Inc.)*, 42 B.R. 579, 585 (Bankr. S.D.Cal.1984) ("The language of § 362 is clear that mere possession of property is sufficient to invoke the protections of the automatic stay.").

■ It is undisputed that the Debtor remained in possession of the Residence at the time the bankruptcy petition was filed. The Debtor's possession, even without an accompanying legal interest, gave rise to the protections of the automatic stay. The automatic stay applies and precludes the eviction of the Debtor from the Residence without relief from stay.

## B. *Relief from Stay*

■ The next issue to be determined is whether Farmers Bank should be granted relief from the automatic stay to evict the Debtor and obtain possession of the Residence. Relief from stay may be granted under Section 362(d)(1) of the Bankruptcy Code for "cause," including lack of adequate protection. Relief from stay may also be granted under Section 362(d)(2) if the debtor does not have equity in the property and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(1)–(2) (2012).

The Debtor argues that both Section 1327(a) and the doctrine of *res judicata* operate to bind Farmers Bank to the terms of the confirmed plan and, therefore, the Motion should be denied. Farmers Bank argues that the Order Confirming Plan did not revive the Debtor's property interest in the Residence nor result in the Residence becoming property of the Debtor's bankruptcy estate, so relief from stay should be granted. Each of these arguments will be addressed separately below.

■ The Court agrees with the Debtor that Farmers Bank is bound by the provisions of the confirmed plan under Section 1327(a). Section 1327(a) provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a) (2012). The Eighth Circuit Bankruptcy Appellate Panel has described the binding effect of a confirmed Chapter 13 plan as follows:

> The sum of the judicial decisions that have considered the statutorily binding effect of a confirmed plan of reorganization is that if the confirmed plan treats the creditor, and if the creditor received proper notice of the plan and its proposed confirmation, the creditor's only potential remedy for a plan it doesn't like is to appeal the order of confirmation.

*Impac Funding Corp. v. Simpson (In re Simpson)*, 240 B.R. 559, 562 (8th Cir. BAP 1999). Consistent with Section 1327(a), "[a]s a general rule, failure to raise an objection at confirmation, or on appeal from a confirmation order, precludes attack on the plan or on any provision of the plan as illegal in a subsequent proceeding." *El Khabbaz v. Sallie Mae Servicing Corp. Tex. Guaranteed Student Loan Corp. (In re El Khabbaz)*, 264 B.R. 204, 207 (Bankr. N.D.Iowa 2001) (citing *Adair v. Sherman*, 230 F.3d 890, 894 (7th Cir.2000)).

■ The Court also agrees with the Debtor that the doctrine of *res judicata* applies to bind Farmers Bank to the terms of the confirmed plan. The case law is clear that *res judicata* applies to unappealed orders confirming plans of reorganization. *In re Ramey*, 301 B.R. 534, 538 (Bankr.E.D.Ark.2003). The Court in *In re Sanders* explained the doctrine of *res judicata* as follows:

Res judicata is applicable in a subsequent action involving the same cause of action between the same parties or their privies where the first suit resulted in a final judgment on the merits by a court of competent jurisdiction. *See Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556 (5th Cir.1983); *Ward v. Arkansas State Police*, 653 F.2d 346 (8th Cir.1981). Res judicata bars the relitigation of issues which were actually litigated or which could have been litigated in the first suit. *Lovell v. Mixon*, 719 F.2d 1373 (8th Cir.1983). So long as a court is competent to preside over the matters at issue, even an erroneous determination as to the extent of the court's jurisdiction is res judicata and not subject to collateral attack. *See Stoll v. Gottlieb*, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104, *reh'g denied*, 305 U.S. 675, 59 S.Ct. 250, 83 L.Ed. 437 (1938); *Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940); *Underwriters Nat'l Assurance Co. v. North Carolina Life and Accident & Health Ins. Guar. Ass'n.*, 455 U.S. 691, 102 S.Ct. 1357, 71 L.Ed.2d 558 (1982); *Hodge v. Hodge*, 621 F.2d 590 (3rd Cir.1980); R. Leflar, *American Conflicts of Law* § 79 (3rd ed.1977). *Sanders v. GIAC Leasing Corp. (In re Sanders)*, 81 B.R. 496, 499 (Bankr. W.D.Ark.1987). "If an order is final, then a rationale cannot be valid that subjects the order to collateral attack because it is wrong or because an alternate procedure could have been used to determine the issue." *In re Ramey*, 301 B.R. at 544. "It is well settled that an order need not correctly apply the law to be given preclusive effect." *Id.* (citing among other cases, *Stoll v. Gottlieb*, 305 U.S. 165, 171–72, 59 S.Ct. 134, 83 L.Ed. 104 (1938) (ruling that even if a federal court lacked jurisdiction to extinguish a guaranty in a plan of reorganization, the confirmation order cannot be revisited by state court, absent an allegation of fraud)). "Plan confirmation is a final order, with *res judicata* effect, and is imbued with the strong policy favoring finality." *Factors Funding Co. v. Fili (In re Fili)*, 257 B.R. 370, 373 (1st Cir. BAP2001) (citations omitted).[4]

Although the Debtor had no legal or equitable interest in the Residence on the petition date, the parties do not dispute that the Debtor proposed a Chapter 13 plan treating Farmers Bank's claim that was confirmed by the Order Confirming Plan. The issues involving the claim treatment could have been litigated in the plan confirmation process. Farmers Bank did not object to the proposed plan treatment and no argument has been raised that Farmers Bank did not have notice of the Plan. The Order Confirming Plan is a final, nonappealable order entered by a court of competent jurisdiction. *Res judicata* bars the relitigation of issues which were actually litigated or which could have been litigated in the plan confirmation process.

■ Farmers Bank argues that the Order Confirming Plan did not revive the Debtor's property interest in the Residence nor result in the Residence becom-

---

**4.** The Order Confirming Plan was not appealed, and the parties have not asked this Court to set the order aside. Rule 9024 of the Federal Rules of Bankruptcy Procedure provides that Rule 60 of the Federal Rules of Civil Procedure applies in bankruptcy cases except that "a complaint to revoke an order confirming a plan may be filed only within the time allowed by ... § 1330." FED. R. BANKR. P. 9024. Section 1330 of the Bankruptcy Code provides that the court may revoke an order of confirmation on request of a party in interest within 180 days after entry of the order, "if such order was procured by fraud." 11 U.S.C. § 1330(a) (2012). In this case, the parties have not alleged fraud, and more than 180 days have passed since the Order Confirming Plan was entered.

ing property of the Debtor's bankruptcy estate. As stated above, the Debtor does not argue that the Order Confirming the Plan did revest the Debtor in the Residence, and there is no evidence before the Court reflecting that the Plan attempted to transfer an interest in the Residence from Farmers Bank to the Debtor. Although the Court has determined that the Residence is not property of the estate, the issue of whether to grant relief from stay requires further analysis because Farmers Bank is bound by its treatment in the confirmed Plan.[5]

In *Hickman v. Union Nat'l Bank of Ark. (In re Hickman)*, 154 B.R. 730 (Bankr.W.D.Ark.1993), a case with similar facts, the creditor failed to object to a plan providing monthly payments and arrearage payments to the creditor for property foreclosed on pre-petition that the debtor was using as his principal place of residence. Although *Hickman* involved a non-judicial foreclosure, the Bankruptcy Court for the Western District of Arkansas similarly found that the debtor had no "legal right or interest in the property, nor even a right of redemption" as of the petition date. *Id.* at 732. The Court stated that the "only possible interest of the debtor, and thus of the estate [on the petition date] was what has been described by courts as a 'shadowy' tenancy at sufferance." *Id.* at 732. The Court found that the creditor, in failing to object to the plan treatment, "consented to the terms of the plan, thereby creating or, at least acquiescing to, a lease for the term of the plan." *Id.* at 733. The Court held that "[s]ince the debtor is, as of the date of the petition, merely a tenant at sufferance, and the confirmed plan essentially provides for rent, the debtor may continue to reside in the residence for the duration of the plan, paying the rent specified in the confirmed plan. The debtor resides on the property not as owner, but as lessee." *Id.* at 732.

Here, as in *Hickman*, the Debtor had no legal right or interest in the Residence, nor even a right of redemption, as of the petition date, but the Debtor's possession of the Residence as a tenant at sufferance gave rise to the protections of the automatic stay. By failing to object to the confirmed plan, Farmers Bank is deemed to have consented to the terms of the Plan, "thereby creating or at least, acquiescing to, a lease for the term of the plan." *In re Hickman*, 154 B.R. at 733. Because Farmers Bank is deemed to have contracted with the Debtor pursuant to the terms of the confirmed Plan, "cause" does not exist to lift the stay under Section 362(d)(1). Similarly, grounds are not

5. In support of its Motion, Farmers Bank also argues that this Court does not have subject matter jurisdiction over the Residence and lack of jurisdiction negates the binding effect of the Order Confirmation Plan as to the Residence. For the reasons stated in *Sanders, Ramey,* and *Stoll,* above, this argument must fail. In addition, the Court had personal jurisdiction over the parties as well as subject matter jurisdiction over the treatment of Farmers Bank's deficiency claim in the confirmation process. 28 U.S.C. § 157(b)(2)(L) (2012) (bankruptcy judges may hear and determine matters involving core proceedings including confirmation of plans). "If an error in treatment of a claim is included in a plan, *res judicata* precludes a collateral challenge to the confirmation order, even if the error is jurisdictional." *In re El Khabbaz,* 264 B.R. at 207 (citing *In re Ivory,* 70 F.3d 73, 75 (9th Cir.1995)); *In re Crowley,* 258 B.R. 587, 591 (Bankr.D.Vt.2000)). "[A] court by necessity has the authority to determine its own jurisdiction over the parties and subject matter, and does so either tacitly or expressly, by rendering a judgment. Consequently, to allow a party to collaterally attack a court's jurisdiction is to allow retrial of issues already decided." *Republic Supply Co. v. Shoaf,* 815 F.2d 1046, 1052 (5th Cir.1987) (discussing the Supreme Court's holding in *Stoll v. Gottlieb,* 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938)).

found under Section 362(d)(2) as this contractual arrangement is a part of the confirmed plan by acquiescence and necessary for the Debtor's reorganization. As the Court stated in *In re El Khabbaz,* "creditors must review plan provisions and object if treatment of their claims is unacceptable. Otherwise, they assume the risk that they will be bound by undesirable terms if they fail to object." *In re El Khabbaz,* 264 B.R. at 209. As in *Hickman,* the Debtor may continue to reside at the Residence, not as an owner, but as a lessee, so long as he makes payments on Farmers Bank's claim pursuant to the confirmed Plan.

### V. Conclusion

For the reasons stated above, Farmers Bank's Motion is denied.

IT IS SO ORDERED.