OPINION OF THE COURT
Robert D. Lippmann, J.
By order to show cause Daryl Ann Dress, also known as *696 Daryl Ann Dress Shoppes, Inc. (DADS), moves to be restored to possession on the grounds the eviction was illegal because Bankruptcy Act § 362 (11 USC) automatically stayed enforcement of the warrant. Petitioner insists the eviction was proper but that in any event the Bankruptcy Court has exclusive jurisdiction over this action and this court must therefore deny the motion.
The threshold question is whether this court is stayed by the Bankruptcy Act or is jurisdictionally empowered to decide an application for restoration to possession by a respondent in bankruptcy whose lease was terminated before the bankruptcy filing.
Bankruptcy Act § 362 provides in relevant part:
"(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title * * * operates as a stay, applicable to all entities, of—
"(1) The commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title * * * or to recover a claim against the debtor that arose before the commencement of the case under this title * * *
"(2) The enforcement, against the debtor or against the property of the estate, of a judgment obtained before the commencement of the case under this title”.
Section 362 (b) (10) excludes from the stay "any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement of or during a case under this title to obtain possession of such property”.
Property of the estate is defined in section 541 of the Bankruptcy Act. Excluded from the property of the estate is any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease before the commencement of the bankruptcy case. (11 USC § 541 [b] [2].)
Whether this court has jurisdiction over this matter depends therefore on whether DADS had any interest in a lease of nonresidential property at the time the bankruptcy was filed. Resolution of this question will determine whether respondent’s application is subject to the automatic stay imposed by section 362 (a) or exempt from the stay under section *697 362 (b). If it is subject to the stay, the matter falls within the exclusive jurisdiction of the Bankruptcy Court. If it is exempt, the matter may be adjudicated by this court. It is petitioner’s position that this very determination must be made by Bankruptcy Court itself.
At the very outset, it must be acknowledged that a court of law has, at the very least, the jurisdictional power and the competence to determine if it has subject matter jurisdiction over a case brought before it. It is therefore for this court to examine the facts and analyze the applicable law to determine whether respondent’s motion may be adjudicated in the Civil Court or whether section 362 (a) of the Bankruptcy Act stays the hand of this forum.
The facts are as follows. In April 1991 petitioner commenced a commercial nonpayment summary proceeding to recover from the net lessee, 142 West Realty Corp. (142 West), the sum of $141,150 representing three months’ rental arrears. The action was settled pursuant to stipulation dated April 5, 1991 according to which terms final judgment was entered and a warrant of eviction issued forthwith and stayed on condition 142 West comply with the terms of the stipulation. On June 12, 1991 the court granted petitioner’s order to show cause to amend the petition to add respondent undertenants, Henry Bergmann & Company, Inc. (Bergmann) and DADS. On August 8, 1991 petitioner and 142 West and the undertenants entered into a new stipulation which made certain changes to the original stipulation of April 5, 1991. Pursuant to the second stipulation, the parties agreed that in the event the net lessee 142 West failed to make payments in accordance with the first stipulation, the landlord had the right to immediately execute upon the warrant and evict 142 West, Bergmann and DADS. Upon 142 West’s failure to comply with the payment provisions, petitioner on September 25, 1991 caused the Marshall to serve a 72-hour notice of eviction upon the parties concerned and scheduled the eviction for November 1, 1991. The eviction was delayed in response to respondent’s promise to make payment. The promise was not fulfilled. Respondents then moved by order to show cause to stay the eviction. On the return date, November 8, 1991, the Honorable Judge Jane Solomon denied respondents’ application, stayed execution of the warrant through November 14, 1991 and declared that no further 72-hour notice would be required. On November 13, 1991 respondents once again brought on an order to show cause to stay the *698 eviction, to set aside the final judgment and to vacate both stipulations. On November 18, 1991 the Honorable Judge Fern Fisher-Brandveen denied the application, finding no reason why the "stipulation, the second of two agreements with detailed terms between the parties should not be enforced.” Further, a 72-hour notice was not required. On November 21, 1991 the Marshall evicted the respondent.
On November 22, 1991 DADS moved by order to show cause for an order restoring it to possession, claiming the eviction had been illegal because an involuntary bankruptcy petition had been filed against it on November 20, 1991, the day before the eviction, and because petitioner had failed to serve upon it a 72-hour notice. It is this motion which is now before me.
The issuance of a warrant of eviction cancels the lease agreement and annuls the landlord-tenant relationship. The rule of law is embodied in RPAPL 749 (3). (See also, Iltit Assocs. v Sterner, 63 AD2d 600 [1st Dept 1978].) The same section also empowers the court to "vacate such warrant for good cause shown prior to the execution thereof.” Even after the warrant has been executed, the dispossessed party may move the court for an order of restoration to the premises upon such terms as may be just provided it is proven that the eviction was wrongful. (CPLR 5015; North E. Bronx Hillside Corp. v Smith, NYLJ, Sept. 4, 1991, at 23, col 2 [Civ Ct, Bronx County].)
Respondent’s assertion that petitioner failed to serve a 72-hour notice of eviction is totally without merit. Both Judge Solomon and Judge Fisher-Brandveen specified in their respective orders that no further 72-hour notice was required before the eviction by the Marshall. Nonetheless, petitioner did serve such notice as evinced by a copy thereof submitted with its opposition papers.
Thus, respondent’s claim that the eviction was illegal rests solely on the claim that petitioner was stayed from proceeding with the dispossession because DADS was in bankruptcy as of the day before the eviction.
It is not disputed that " 'A discharge in bankruptcy does not constitute a payment, or extinguishment, or a cancellation of the debt. Despite the discharge, a landlord can still avail itself of its statutory remedy to recover possession of premises for non-payment of rent.’ ” (840 W. End Assocs. v World Wide Destinations Unlimited, NYLJ, Apr. 5, 1991, at 27, col 3 [App Term, 1st Dept]; see also, In re Hepburn, 27 Bankr 135 [ED *699 NY 1983]; 3 Colliers, Bankruptcy ¶¶ 506.07, 524.01 [15th ed 1992].) What DADS argues, relying on In re GSVC Rest. Corp. (10 Bankr 300 [SD NY 1980]), is that petitioner was required to move in the Bankruptcy Court to vacate the automatic stay before proceeding with the eviction. The GSVC case, decided in 1980, involved a tenant against which a warrant of eviction had issued because of nonpayment of rent. The tenant had engaged in protracted proceedings, as in the instant case, to avert the eviction. Two hours before the scheduled removal, the tenant filed a bankruptcy petition. In Bankruptcy Court the debtor-tenant argued it had some lingering equitable rights in the property inasmuch as it could still attempt to seek possession. The Bankruptcy Court declined to validate the debtor’s position and vacated the stay. The United States District Court affirmed, holding that pursuant to RPAPL 749 (3) the issuance of the warrant had canceled the lease agreement and annulled the relationship of landlord and tenant, that the trustee in bankruptcy therefore had nothing to assume. The court further noted (supra, at 302): "It would be chaotic if every eviction proceeding could ultimately be frustrated by the last minute filing of a Chapter 11 proceeding in federal court. There would be no finality whatever to state court landlord-tenant proceedings.” The District Court also recognized the need to adequately protect the landlord’s interest in the property, especially in view of the debtor-tenant’s repeated tactics to frustrate the landlord’s attempt to repossess the property. Accordingly, the stay was vacated. The case does, of course, support respondent’s argument that petitioner should have moved to vacate the stay. It also supports petitioner’s position that the proper forum for disposition of the instant motion is the Bankruptcy Court since vacatur of the stay lies within that court’s jurisdiction and not here.
However, this conclusion has been superseded by In re Lady Liberty Tavern Corp. (94 Bankr 812 [SD NY]) which was decided in 1988. The case was commenced in an eviction proceeding in Civil Court, New York County, where the landlord, on default, was awarded a final judgment of possession and issued a warrant based on a lease violation. The Marshall served a 72-hour notice of eviction on Lady Liberty on December 19, 1986 and Lady Liberty filed its chapter 11 petition on December 22. The automatic stay of the State court eviction came into effect upon that filing. In Bankruptcy Court the landlord argued that the stay was either inapplicable or should be vacated with respect to the State court eviction *700 proceeding. The Bankruptcy Court, however, declined to hold that the lease had been terminated and ordered Lady Liberty to make payments and cure any nonmonetary defaults within a specified time. On appeal, the United States District Court for the Southern District reversed. It cited New York law and the practice of the New York Court of Appeals to enforce lease termination provisions, absent fraud or collusion. It found that Lady Liberty’s leasehold interest in the premises had terminated before it filed its bankruptcy petition and, moreover, that it was of "no consequence” that it had forestalled the execution of the warrant by filing a bankruptcy petition. After a thorough analytic discussion, the court concluded that the Bankruptcy Court was bound by a State court default judgment which terminated a debtor’s leasehold interest. The "Civil Court’s judgment of possession was entitled to preclusive effect” in the Bankruptcy Court (supra, at 815). So emphatic was the court in this ruling that it went so far as to say that "the exhaustion of the appellate process is not necessary to establish the preclusive effect of a lower state court judgment.” (Supra, at 814-815.) The court then concluded, " [TJhe automatic stay does not operate to enjoin actions respecting property in which the debtor no longer has an interest at the time of the filing of the petition. ’ ” (Supra, at 817 [emphasis added].)
The only distinction to be made between the Lady Liberty case (supra) and the present proceeding, other than that it was based on a default judgment in the Civil Court, is that Lady Liberty filed for voluntary bankruptcy, whereas here the bankruptcy filing was involuntary. This distinction, however, does not operate to alter the fact that DADS had no leasehold interest in the premises in question at the time of the filing of the bankruptcy petition. There is nothing whatever in the Lady Liberty discussion to indicate that such a distinction would have led to another result. The decision is solidly bottomed on the fact that the debtor’s lease had been terminated before the bankruptcy filing and consequently that there was no leasehold interest in the debtor’s estate to revive or to protect. Moreover, the Civil Court’s judgment had to be given preclusive effect. Hence, the automatic stay of Bankruptcy Act § 362 (a) was not operative.
Section 362 (b) exempts from the automatic stay any act by a lessor under a lease of nonresidential real property that has "terminated by the expiration of the stated term of the lease before the commencement” of a bankruptcy action. A fair but *701 not conclusive interpretation of this section, one respondent urges, would limit the exemption to only those nonresidential leases which have run their temporal course to expiration. But both the Lady Liberty and the GSVC cases (supra) make very clear that the exemption will apply to leases terminated not only by their durational terms but also by default of payment or breach of lease provisions, where a State court has issued a final judgment and a warrant of eviction against the debtor-tenant before the commencement of the bankruptcy action.
Here a final judgment of possession and a warrant of eviction against respondent were issued by the Civil Court. Issuance of the warrant canceled the lease agreement (RPAPL 749 [3]), thereby terminating DADS’ leasehold interest in the nonresidential real property. As these events occurred before the bankruptcy filing, DADS no longer held an interest in the property when the bankruptcy action was commenced. Accordingly, under section 362 (b) of the Bankruptcy Act and the holding of Lady Liberty (supra), petitioner was exempt from the automatic stay and could exercise its statutory right to recover possession of its property by executing on the warrant. It follows, obviously, that petitioner was not required to move in Bankruptcy Court to vacate a stay that did not apply. Thus respondent’s claim that the eviction was illegal because the eviction was stayed and petitioner therefore should have moved to vacate the stay in Bankruptcy Court before executing on the warrant is groundless. It must also follow that if the eviction is exempt from the stay, then the Civil Court may exercise jurisdictional power to determine an application challenging the propriety of the eviction which was executed pursuant to a warrant issued by it and entitled to preclusive effect.
For the reasons stated above, respondent’s motion to be restored to possession is denied.