OPINION OF THE COURT
Howard A. Ruditzky, J.
Petitioner moves for an order setting this matter down for trial forthwith. Respondent, Bright Holding Corp., opposes, claiming that the underlying proceeding has been stayed by *687 respondent’s filing a bankruptcy petition. Petitioner’s motion is granted.
BACKGROUND
An enterprise known as Gallatin Properties Inc. held a net lease to premises located at 398-406 Fulton Street, Brooklyn, New York. Upon Gallatin’s default on the terms of its lease, its tenancy was terminated. A notice of termination was served upon Gallatin, a holdover proceeding was subsequently commenced and a stipulation entered into by Gallatin and all its subtenants, except respondent herein, Bright Holding Corp. Pursuant to the stipulation, Gallatin agreed to a final judgment of possession and to surrender its net lease.
Bright Holding Corp., doing business as One Block Over, refused to surrender possession. Petitioner thereafter commenced a proceeding against Bright Holding Corp., as a tenant at sufferance, and accordingly served all respondents with a 30-day notice to terminate pursuant to Real Property Law § 228.
Despite the pending proceeding commenced by petitioner, and after an unsuccessful attempt to obtain a preliminary injunction in Supreme Court, respondent continued its refusal to surrender possession and filed for bankruptcy.
The issue is whether, upon filing a bankruptcy petition, the automatic stay provisions of the Bankruptcy Code stay a pending summary proceeding against a tenant at sufferance. (Bankruptcy Code [11 USC] § 362.)
This court holds that it does not, since where there is no landlord/tenant relationship, an automatic stay is inapplicable. (In re Scarsdale Tires, 47 Bankr 478 [SD NY 1985].)
DISCUSSION
In the instant action, Bright Holding Corp. (now deemed a tenant at sufferance pursuant to a prior order of Judge Feme Goldstein, Civil Court, Kings County) was a subtenant to original lessee, Gallatin Properties Inc. Upon Gallatin’s default and subsequent surrender of its net lease, the subtenancy relationship previously existing between the parties was terminated, as a matter of law. Therefore, Bright Holding Corp. had no interest in the subject property at the time of the filing of the bankruptcy petition.
Since the automatic stay endemic to a bankruptcy proceeding "does not operate to enjoin actions respecting property in which the Debtor [here, respondent Bright Holding Corp.] no *688 longer has an interest,” the filing of a bankruptcy petition by this tenant at sufferance does not bring the holdover proceeding to a halt. (See, In re Cohoes Indus. Term., 70 Bankr 214 [SD NY 1986].)
Motion granted. This matter is set down for trial on October 12, 1992 at 11:00 a.m. in Part 52 of this court.