OPINION OF THE COURT
Emanuel Haber, J.
Respondents move to stay the execution of the warrant of *449 eviction issued in this holdover proceeding on the ground that their filing for bankruptcy effected an automatic stay of this proceeding.
Upon the motion, respondents’ attorney’s memorandum of law in support of the motion, petitioner’s attorney’s affirmation in opposition and memorandum of law in opposition to the motion, together with all exhibits thereto, and upon due deliberation, respondents’ motion is denied.
Respondents were contract vendees under a contract of sale of the subject premises entered into between the parties on April 17, 1993 and were allowed to occupy the premises until closing of title. In the interim, respondents entered into possession of the premises pursuant to a month-to-month lease on June 1, 1993. Respondents failed to close on the scheduled date of September 21, 1993 and continued occupying the premises and paying rent to petitioner. On March 27, 1994 the parties executed an amendment to the contract of sale setting a new closing date of April 30, 1994. Respondents again failed to close title on said date, and petitioner thereafter served upon respondents a 10-day notice to quit pursuant to RPAPL 713 (9) and commenced the instant holdover proceeding.[1]
The matter was settled by stipulation of settlement dated July 7, 1994 and signed by petitioner and respondents, as well as their respective attorneys. The stipulation provided for the entry of a final judgment of possession in favor of petitioner with the warrant of eviction to issue forthwith but execution thereof stayed to October 7, 1994, on condition that respondents continue to pay use and occupancy. The warrant issued on August 3, 1994. Respondents did not surrender possession of the premises on October 7, 1994 but moved by order to show cause on October 13, 1994 to stay execution of the warrant. The parties, again represented by their respective attorneys, then entered into a second stipulation, under the terms of which the execution of the warrant was further stayed to January 7, 1995, and respondents acknowledged that *450 this date represented the full six-month stay the court had authority to grant. Respondents again defaulted under the stipulation and did not surrender possession on January 7, 1995.
Respondents’ instant motion was initially brought pro se by order to show cause on January 26, 1995 seeking to vacate the judgment under the stipulation, essentially on the ground that respondents were trying to purchase the subject premises but were being delayed from doing so because of financial and health problems.
On the return date of February 2, 1995 the motion was adjourned. On the same date, respondent Angel Centeno filed a petition in Bankruptcy Court under title 11, chapter 13 of the 1978 Bankruptcy Code (11 USC § 1301).
On the adjourned date of this motion, February 8, 1995, respondents appeared by counsel who argued that respondents’ motion was now to stay execution of the warrant of eviction upon the ground that the bankruptcy filing effected an automatic stay of enforcement of the judgment in this holdover proceeding, pursuant to 11 USC § 362.
The original relief requested and the grounds therefor are without merit. The question that remains, however, is whether the filing of a chapter 13 petition in bankruptcy after the issuance of a warrant of eviction in a holdover proceeding effects an automatic stay of the execution of the warrant under 11 USC § 362.
Under 11 USC § 362 (a), the filing of a petition in bankruptcy automatically stays the enforcement of a judgment against the property of the debtor’s estate or any act to obtain possession of the property of the estate. Pursuant to 11 USC § 541, the commencement of a bankruptcy case creates an estate which, with a few exceptions, is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case.”[2] Therefore, the automatic stay does not apply to proceedings relating to property in which the debtor no longer has an interest at the time the case is commenced, which is when the bankruptcy petition is filed (In re Cohoes Indus. Term., 70 Bankr 214 [SD NY 1987]).
Pursuant to RPAPL 749 (3), the issuance of a warrant of eviction annuls the landlord-tenant relationship, extinguishing *451 any possessory rights of the tenant in the premises that had arisen by virtue of the tenancy. Respondents, therefore, had no interest in the subject premises at the time they filed their bankruptcy petition.
Respondents, nevertheless, argue that notwithstanding the issuance of the warrant of eviction, their mere de facto possession of the premises constitutes an equitable interest sufficient to be drawn under the temporary protection of the automatic stay. Respondents cite In re DePoy (29 Bankr 466 [ND Ind 1983]) and In re R.R.S., Inc. (7 Bankr 870 [MD Fla 1980]) for the proposition that the mere "naked possession” of the premises itself gives the tenant some sort of residual equitable interest therein.
This court finds these cases unpersuasive, as they do not construe New York law, and they both rely upon a New York Bankruptcy Court decision (Matter of GSVC Rest. Corp., 3 Bankr 491 [SD NY 1980]) which does not stand for the proposition for which it is cited. Respondents’ appeal to In re Butler (14 Bankr 532 [SD NY 1981]) is misplaced, as that case dealt with the filing of the debtor’s bankruptcy petition before the issuance of a warrant of eviction.
Although a determination concerning the includability of an interest of the debtor as property of the estate is a Federal question, the nature and existence of any property interest is a question to be determined by State law (see, In re Darwin, 22 Bankr 259 [ED NY 1982]).
The issuance of a warrant of eviction, pursuant to RPAPL 749 (3), cancels any right to possession of the premises that the debtor may have had. New York law knows of no lingering interest of an occupant in the premises, "equitable”, "residual” or otherwise, after the occupant’s right of possession has been terminated by the issuance of a warrant for the occupant’s removal. The court in GSVC (supra, at 494), rejecting the debtor’s assertion that possession itself constitutes an equitable interest in the premises deserving of the protection of the automatic stay, noted that "equitable interest in property is regarded as property of the estate * * * which * * * consists of 'all legal or equitable interests of the debtor in property as of the commencement of the case.’ However, the debtor’s right to possess the property in question has been judicially determined as demonstrably nonexistent, resulting in the state court ordered warrant of eviction.” The same court, citing its decision in GSVC, subsequently ruled, in In re *452 Scarsdale Tires (47 Bankr 478, 480 [SD NY 1985]), that "the [automatic] stay imposed by 11 USC § 362 (a) [was] inapplicable” to the debtor’s landlord because the lease in question had been terminated prior to the filing of the petition. "It is settled law that a lease or license that was terminated before the filing of a bankruptcy petition is neither affected by the automatic stay under 11 USC § 362 (a) nor may it be assumed by the debtor under 11 USC § 365” (supra [citations omitted]).
Thus where there is no landlord-tenant relationship, the automatic stay under 11 USC § 362 is inapplicable (Little v Bright Holding Corp., 155 Misc 2d 686; Nadine Props, v Bergmann & Co., 153 Misc 2d 695; In re Lady Liberty Tavern Corp. v Beaver St. Assocs., 94 Bankr 812 [SD NY 1988]). But see In re W.A.S. Food Serv. Corp. (49 Bankr 969 [SD NY 1985]), which holds that bare possession of premises in the face of an eviction warrant alone provides sufficient equitable, or residual, interest in the premises for purposes of the automatic stay because of the theoretical possibility of a vacatur of the warrant for good cause shown pursuant to RPAPL 749 (3). This court rejects this analysis.
RPAPL 749 (3) grants power to the courts to provide relief from their own judgments where good cause is shown; such power itself is not a proprietary interest of any form which may be appropriated by an individual. A respondent in a summary proceeding who files for bankruptcy after the issuance of the warrant for his removal may not claim that the power granted to the court by the Legislature in the RPAPL to vacate the warrant for good cause shown gives him any equitable interest where the court in that particular case has not in fact vacated the warrant and restored the tenancy. The mere academic possibility of a restoration of a tenancy in a summary proceeding in general is meaningless where vacatur of the warrant in a specific case has not and may never be granted.
In the present case, the execution of the warrant of eviction has already been stayed in excess of six months. RPAPL 753 (1) limits the power of the court to grant a stay to no more than six months. Respondents, represented by counsel, stipulated to a final judgment of possession against them and consented to the issuance of the warrant of eviction with execution thereof stayed six months. They acknowledged in the stipulation that the stay date represented the full length of time the court had the authority to grant. Respondents did not commence the bankruptcy case until after the six-month *453 stay had passed and the court was already without power to act further. Thus there is no possibility whatever that the warrant may be vacated for good cause.
Respondents had no interest in the premises to qualify as property of the estate under 11 USC §§ 541 and 1306. Accordingly, the automatic stay provided by section 362 does not apply under the facts of this case.

. It appears from the affidavits and exhibits submitted that respondents entered into possession as month-to-month tenants and not as contract vendees within the meaning of RPAPL 713 (9). As they remained in uninterrupted possession, paying rent up until the commencement of the holdover proceeding, the court fails to see, and petitioner does not explain, why the landlord-tenant relationship no longer existed after March 27, 1994, as petitioner contends. Nevertheless, as the parties were free to waive any predicate notice defects by entering into a stipulation of settlement, this issue is not relevant to the present inquiry.

. Section 541 applies to chapter 13 filings by virtue of the express language of 11 USC § 103 (a) and § 1306 (a).