**In re Kristen REINHARDT, Debtor.**

**Bankruptcy No. 96 B 46917 (CB).**

United States Bankruptcy Court, S.D. New York.

June 11, 1997.

Kristen A. Reinhardt, Delmar, NY, pro se.

Jonathan Minikes, Cutler, Minikes & Fish, New York City, for Emilia Berganasmo and Ethan Nadel.

### ORDER DENYING MOTION FOR SANCTIONS FOR VIOLATION OF AUTOMATIC STAY

CORNELIUS BLACKSHEAR, Bankruptcy Judge.

Kristen Reinhardt, ("Reinhardt"), moving pro se, herein seeks a finding that Jonathan Z. Minikes, Esq., counsel for Emilia Bergamasco in the current proceedings, be found to have willfully violated the automatic stay protection integral to the bankruptcy reorganization process. The issue before the Court is whether a residential debtor-tenant, who files a bankruptcy petition after a final judgment of possession has been awarded to the landlord in the state court, retains any interest in the premises protectable under section 362(a)(2) & (3) of the Bankruptcy Code. Further, this Court is charged with the question of whether, in light of unsettled law in the district, counsel's action of seeking recourse against a known bankruptcy petitioner outside of the exclusively designated federal system, warrants sanctions pursuant to section 362(h).

### STATEMENT OF FACTS

Prior to filing a chapter 13 bankruptcy petition, Reinhardt (the "Debtor") and Emilia Bergamasco ("Bergamasco") entered into a sublease agreement which expired by its own terms on November 14, 1995. Rein-

hardt continued her residency in the subject premises, located at 77 Perry Street, Apartment 4B, New York, New York, on a month-to-month basis thereafter. By serving a notice of termination, Bergamasco sought to end the tenancy on August 31, 1996, but the Debtor refused to vacate the property. As a result, a summary eviction holdover proceeding was initiated by Bergamasco in September 1996 in the Civil Court Housing Unit for the City of New York ("Housing Court").

The matter came to trial on November 14, 1996 before the Honorable Bruce Gould. By order dated November 16, 1996, Judge Gould awarded Bergamasco a final judgment of possession (the "Final Judgment"). A warrant of eviction was also issued but it was stayed until January 31, 1997, conditioned upon the Debtor paying arrears in the amount of $6,300 within five days from service of the notice of entry, ("Notice of Entry"), and that payment of use and occupancy for the months of December, 1996 and January 1997 be made. Notice of Entry occurred on November 26, 1996. There had been no payments made by Debtor at the time of this motion.

The Debtor timely sought an Appellate Term order staying enforcement of both the Final Judgment and the warrant of eviction. This action was denied on or about December 18, 1996. Debtor was served with a 72–hour notice of eviction and, according to Bergamasco, was scheduled by the City Marshal for eviction on December 19, 1996. On December 18, 1996, Reinhardt filed a voluntary petition for relief under chapter 13 of title 11, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code" or the "Code"). On December 23, 1996, counsel for Bergamasco, Mr. Minikes, brought a motion by order to show cause in Housing Court requesting permission to execute the previously issued warrant of eviction ("OSC Motion"). There is no dispute that counsel had actual knowledge of Debtor's bankruptcy petition.

The state court judge signed the OSC Motion and scheduled an immediate hearing on December 24, 1996. No formal relief was granted by the state court at the hearing. Subsequently, on January 23, 1997, Debtor filed the herein motion in this court for an order sanctioning counsel's actions as a willful violation of the automatic stay. Debtor alleges loss of income, punitive damages based largely on interference with holiday plans, and any other relief the Court deems appropriate.

### DISCUSSION

This Court has subject matter jurisdiction over the above captioned case pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and the July 10, 1984 Standing Referral Order of this district. The federal courts have exclusive jurisdiction over all matters affecting the bankruptcy estate, as defined in 11 U.S.C. § 541(a), and it only frustrates the efforts of the system to have attorneys and/or other courts interfere with the reorganization process.

The competing arguments are simply stated. Debtor argues that the filing of the OSC Motion constituted a willful violation of the automatic stay as an attempt to obtain post-petition possession of the premises. The defendant responds that the Debtor had no interest in the premises and as such, possession of the premises was not protectable by the automatic stay.

The following analysis requires resolution of two discrete legal issues. The threshold question for this Court is whether the Debtor had a recognizable interest in the subject property at the time of defendant's OSC Motion. Secondly, assuming there is such an interest, did defendant's counsel act in a manner warranting sanctions.

### PROPERTY OF THE ESTATE

■ A bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C § 541(a). Accordingly, any recognizable interest of the estate will be afforded the protection of section 362(a). *In re Bagen, Banner v. Bagen*, 186 B.R. 824, 830 (Bankr.S.D.N.Y.1995). Sections 362(a)(2)and (3) of the Bankruptcy Code specifically address the matter now before the Court and provide, in part, that:

a petition filed under section 301, 302, or 303 of this title, operates as a stay, applicable to all entities, of—

. . .

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

28 U.S.C. § 362(a)(2) & (3).

■ To determine Debtor's interest in the subject property, a review of the state court eviction procedure is appropriate. When an eviction proceeding has been decided and judgment is for the landlord, the housing court frequently will stay the execution of the warrant of eviction on the condition that arrears be paid. This option to pay in full and retain possession of the premises is an interest of the tenant. *EBG Midtown South Corp. v. McLaren/Hart Environmental Engineering Corp.,* 139 B.R. 585, 594 (S.D.N.Y. 1992); *see also Bell v. Alden Owners, Inc.,* 199 B.R. 451, 458 (S.D.N.Y.1996). The essential question before this court is at what point does the option to redeem one's tenancy terminate.

Within the Southern District of New York, a difference of opinion exists as to whether or not the issuance of a warrant to evict acts to terminate all interests a tenant may have in the property. Several courts have held that upon issuance of a warrant, all interests are canceled. Thereby the tenant would have no interest protected by section 362 upon the filing of a bankruptcy petition. See *In re Butler,* 14 B.R. 532 (S.D.N.Y.1981); *In re Darwin,* 22 B.R. 259 (Bankr.E.D.N.Y. 1982). Minikes, in his papers in opposition to the herein motion, relied on two state court decisions which further support this application of the law: *Asia v. Fensterszaub,* NYLJ, July 10, 1996, p. 33, col. 2 (Civ.Ct. Kings Co.) and *Radol v. Centeno,* 165 Misc.2d 448, 627 N.Y.S.2d 887 (Civ.Ct. Queens Co.1995).

Other courts ascribe to the presumption that until an eviction has actually been executed, occupant's continued "possession is an equitable interest afforded protection by the automatic stay." *In re W.A.S. Food Service Corp.,* 49 B.R. 969 (Bankr.S.D.N.Y.1985) (finding a tenant to have residual interest in the premises after issuance of an eviction warrant, pursuant to New York State law). Further, the Second Circuit, ruling in *In Re 48th Street Steakhouse, 48th Street Steakhouse, Inc. v. Rockefeller Group, Inc.,* 835 F.2d 427, 430, (2d Cir.1987), stated that "a mere possessory interest in real property, without any accompanying legal interest, is sufficient to trigger the protection of the automatic stay." However, the *48th Street Steakhouse* Court was not specific as to when the interests of a tenant actually terminate.

■ The inconsistency of the courts stems in large part from inconclusive legislation on both the state and federal levels. In New York state, issuance of a warrant of eviction terminates the landlord-tenant relationship and necessarily voids the legal interests of the tenant. RPAPL § 749(3). Notwithstanding this principle of state law however, this Circuit has—as does this Court—recognized that the remaining possessory interest "is an equitable interest afforded protection by the automatic stay." *In Re 48th Street Steakhouse,* 835 F.2d at 430. Subsection (10) of § 362(b) specifically states that the automatic stay shall not apply to a nonresidential debtor-tenant when the lease agreement has terminated before the commencement of the bankruptcy.[1] Yet it is unclear when actual termination [2] is effected or what is the applicable standard for residential debtor-tenants.

Federal legislative history supports the contention that Congress intended for the residual possessory interest to fall within the definition of a bankruptcy estate. *See* S.Rep. No. 989, 95th Congress, 2d Session 82 (1978) U.S.Code Cong. & Admin.News 1978 pp.

---

1. "[U]nder subsection (a) of this section, of any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement of or during a case under this title to obtain possession of such property." 11 U.S.C. § 362(b)(10).

2. To resolve the matter at bar, it is not necessary that this Court determine when termination of the lease was effected. The central concern here is whether Mr. Minikes, acted willfully in violating the stay, or mistakenly relied in good faith on conflicting law within the Circuit.

5787, 5868 ("[residential] debtor's interest in property also includes . . . possessory interest."). In section 541(b) [3] of the Code, Congress outlined the exceptions to the definition of the estate as stated in section 541(a). While nonresidential commercial lease agreements which have terminated prior to filing are specifically addressed as exceptions not protected by the automatic stay, conspicuously absent from this list of exceptions are residential lease agreements which have terminated prior to filing. The listing within subsection 541(b) is not exclusive, but it is instructive. The maxim *expressio unius,* or simply, the expression of one thing is the exclusion of the other, seems apropos. *See* Black's Law Dictionary, (6th Ed.1990).

In 1992, a bill was introduced to amend section 541(b) to state "any interest of the debtor as a tenant under the rental of *residential real property* thus terminated before the commencement of the case." H.R. 1156, 103D Cong., 1st sess. (1993); H.R. 2202, 102D Cong., 1st sess. (1992) (emphasis added). This proposed bill was not enacted. The failure to enact this legislation and amend 541(b) is evidence of congressional intent to include mere possession in residential situations as an interest to be protected under the Code.

■ In the matter at bar, the Debtor negotiated a sublease which continued amicably until its natural conclusion in November 1995. At its termination, the sublessor-sublessee relationship continued on a month-to-month, at-will basis. Once Bergamasco elected to reclaim the premises by a notice of termination, the Debtor failed to surrender the premises. Bergamasco proceeded to obtain a warrant of eviction in the Housing Court. The judge during the proceedings granted the landlord final possession but stayed the decision to allow the Debtor to cure past due payments. The option to redeem the tenancy by payment in full is an interest of the Debtor and if a petition is filed while this option exists, this Court recognizes the option as an interest of the estate and

thus protectable under section 362(a). The petition was filed by the Debtor on December 18, 1996, after having failed to pay the amount in arrears and current usage and upon being denied an order staying enforcement of both the Final Judgment and warrant of eviction at the Appellate Term. The denial of the order and the failure to make the payments does not constitute a revocation of the tenant's option.

■ The opportunity granted by the state court to pay the judgment, even after a warrant of eviction has been issued, is an interest that the residential tenant retains until actual eviction or voluntary dispossession/abandonment. Absent physical dispossession, the option to redeem a residential lease is a recognizable interest to this Court, and accordingly is granted the protection of section 362(a).

Generally, by filing a chapter 13 petition after the issuing of a warrant of eviction, the Debtor-tenant is granted an option to cure past due payments in the state courts while benefitting from the structure of the bankruptcy reorganization process. Within the course of the bankruptcy proceeding the rights of the landlord and the judgment of the state court are preserved. Throughout the proceedings, the landlord's interest in the property is of paramount importance to the Court and will be adequately protected to ensure against diminution. This Court will apply stay protection to any debtor-tenant in possession. Such protection for the debtor will be a shield from eviction conditioned on fixed and steadfast repayment dates. Any further default by the debtor may result in the lease being immediately deemed rejected.

### WILLFUL VIOLATION OF AUTOMATIC STAY

■ The imposition of sanctions pursuant to 11 U.S.C. § 362(h) requires application of a two prong standard. An award of actual damages is appropriate upon a determination that any deliberate or willful act has been taken in violation of a stay where the violator

---

**3.** "[A]ny interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease before the commencement of the case under this title, and ceases to include any inter- est of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease during the case." ·11 U.S.C. § 541(b)(2).

had knowledge of the bankruptcy. *Crysen/Montenay Energy Co. v. Esselen Asscs., Inc., (In re Crysen/Montenay Energy Co.)*, 902 F.2d 1098, 1105 (2d Cir.1990). An additional finding of maliciousness or bad faith on the part of the offending party warrants the further imposition of punitive damages. *Id.*

■ While the Court fully recognizes the appropriateness of subsection (h) sanctions as an independent remedy,—aside from its contempt power—, the facts at bar do not justify its application. The present uncertainty of the legal standard in the district creates an atmosphere of confusion for an impatient creditor. At the time Minikes filed his OSC Motion on behalf of his client, he could not have had the requisite intent of violating the automatic stay. This Court concludes that Minikes, in good faith, albeit with insensitive timing, attempted to zealously represent his client. While Minikes did in fact violate the bankruptcy stay, he relied on valid case law and reasonable construction of the relevant statutes.

### CONCLUSION

For the foregoing reasons, the Debtor's motion for sanctions due to willful violation of the bankruptcy stay is hereby denied.

The landlord's attorney is to settle an order consistent with this opinion on five (5) days notice.