*688 OPINION OF THE COURT
Susan T. Kluewer, J.
This summary holdover proceeding (see RPAPL art 7) presents facts which require that I make a determination not squarely made before, that is, whether an exception to the automatic-stay provisions of the United States Bankruptcy Code (see 11 USC § 362 et seq.) applies in a commercial lease setting where the bankruptcy petition is filed before any court has declared that the landlord-tenant relationship is over. Because the lease establishing the relationship in this case terminated by the expiration of its stated term, I conclude that this proceeding to regain possession of the leased premises comes within an exception to the automatic-stay rule (see 11 USC § 362 [b] [10]) and may therefore proceed. I also conclude, however, that petitioner’s request for “use and occupancy” that accompanies its claim for recovery of possession must be determined in or on referral by the Bankruptcy Court.
The Underlying Facts
By written agreement signed December 4, 2000, the parties entered into a lease of commercial premises located on Royal Avenue in Oceanside, Nassau County, New York. The term of the lease was for only three months commencing December 2001. The rent was $17,500 for the first month, and $8,500 for each of the next two months. By the lease, the tenant had the exclusive, nonassignable option to extend the term “to and including April 30, 2001,” conditioned upon its giving timely written notice and making timely payment of rent for the month of March 2001 in the amount of $6,000. Rent for April 2001 was fixed at $6,000 as well. Respondent paid its rent, and effectively exercised its option to extend the term to and including April 30, 2001, or, as the parties by their conduct deemed the term, to and including May 4, 2001.
Respondent did not vacate the premises at the end of its extended term. According to petitioner’s witness, petitioner, by telephone, and by letter dated May 7, 2001 that it “faxed,” sent by regular mail, and sent by certified mail which respondent declined to claim, demanded that respondent vacate the premises and surrender the keys. Respondent has not done so. Petitioner thus commenced this holdover summary proceeding. The Procedural Facts
Service of process on respondent was effectuated June 5, 2001. The proceeding was first returnable June 12, 2001, and the file reflects that respondent appeared by its president on *689 that date to request an adjournment to retain an attorney. Petitioner was granted leave (Kalman, J.) to orally amend its petition to include a request for “use and occupancy” for May and June 2001 totaling $17,000, and the matter was adjourned to June 21, 2001. On that date, the matter was adjourned to June 26, 2001 “on consent,” but it was marked “Final” against respondent.
On June 26, 2001, 14 days after the proceeding was originally returnable and some 43 days after expiration of the lease term, counsel for both sides appeared at the calendar call. They advised that, earlier that morning, respondent had filed a petition under “Chapter 11” of the Bankruptcy Code (11 USC § 1101 et seq.). Respondent thus claimed that this proceeding was automatically stayed (see 11 USC § 362 [a]). Petitioner urged that this matter comes within an exception to the automatic stay contained in the Bankruptcy Code (see 11 USC § 362 [b] [10]), and submitted a memorandum to support its contention. Respondent asked for time to submit an opposing memorandum. I granted that request and the matter was adjourned to June 28, 2001 for trial. On that date, respondent submitted its opposing memorandum, asserting again that the automatic stay applied, even as it admitted that the commercial lease by which it acquired possession had expired on May 4, 2001. Respondent also made an unpersuasive attempt, via an accompanying affidavit, to create an inference that a month-to-month tenancy arose after the May 4, 2001 expiration of the lease by virtue of vaguely alluded-to negotiations conducted in “late April” with unspecified “officers” of petitioner. Its affiant acknowledged, however, that a check, supposedly tendered on an unspecified date for the “rent” for the period May 4, 2001 to June 4, 2001, was never cashed. I adjourned the summary proceeding to July 5, 2001.
On July 5, 2001, I advised counsel that, based on available case law, on petitioner’s offer of proof, and on respondent’s admission that the lease had expired, this proceeding would go forward. Respondent’s counsel requested yet another adjournment, asserting for the first time that his appearance in this Court was “limited” to the purpose of seeing to it that the summary proceeding was stayed. I denied counsel’s request for yet more time. Respondent declined to participate in, or even be present at, the trial. The matter thus proceeded to inquest on July 5, 2001, shortly after the call of the calendar, and after respondent’s stated refusal at that call to proceed.
*690 The Law
The filing of a petition in bankruptcy by a “debtor” stays enforcement of a judgment against property in the debtor’s estate (11 USC § 362 [a]). It also stays any act to obtain possession of the property of the estate (id.). There are statutory exceptions to the stay, however. Thus, the filing of a petition in bankruptcy does not operate as a stay
“of any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement or during a case under [title 11] to recover possession of such property.”
(11 USC § 362 [b] [10].)
Congress highlighted its intention that a commercial lessee whose lease has expired could not, by the mere filing of a petition under title 11, revive an already expired lease (see Bell v Alden Owners, 199 Bankr 451 [SD NY 1996, Sweet, J.]; In re Neville, 118 Bankr 14 [ED NY 1990, Eisenberg, J.]). It did so by defining what is, and what is not, in the bankruptcy estate. Thus, the debtor’s estate is comprised of “all legal or equitable interests of the debtor in property as of the [date of filing]” (11 USC § 541 [a] [1]) but does not include:
“any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease before commencement of the case under [title 11], and ceases to include any interest of the debtor as a lessee under a lease of nonresidential property that has terminated at the expiration of the stated term of such lease during the case.” (11 USC § 541 [b] [2].)
Notwithstanding the clear language of both section 362 (b) (10) and section 541 (b) (2), respondent urged in its memorandum that its “mere possession” of the property is sufficient to trigger the automatic stay. It cited In re 48th St. Steakhouse (835 F2d 427 [2d Cir 1987]) to support this contention. It also posited that every reported case where the court has applied the exception to the automatic-stay rule also involved a prior judicial determination that the landlord-tenant relationship is over. It reasoned that, since it is still in possession of the premises, and since no court has formally declared the landlord-tenant relationship in this case at an end, this Court is stayed from exercising any jurisdiction in this proceeding. I disagree.
The exception to the automatic-stay rule articulated in 11 *691 USC § 362 (b) (10) and the designation of what is and what is not in the bankrupt’s estate (11 USC § 541) were intended to afford lessors of nonresidential property “significant safeguards” by allowing them to proceed in state court to reclaim possession of the nonresidential, leased premises where the lease expires by its own terms (In re Policy Realty Corp., 242 Bankr 121 [SD NY 1999, Scheindlin, J.]; In re Neville, supra at 18). It is “not necessary for a landlord to move in the Bankruptcy Court to vacate the automatic stay when the Debtor [has possession] under a lease * * * that has terminated by the expiration of the stated term” and a landlord may do “whatever is necessary and appropriate under state law to obtain possession” of the formerly leased property (In re Neville, supra at 18).
In re Steakhouse (supra) is not to the contrary. It is true that the Second Circuit in Steakhouse, citing cases decided either before or in the year that 11 USC § 362 (b) (10) was enacted, commented that “a mere possessory interest in real property, without any accompanying legal interest, is sufficient to trigger the protection of the automatic stay” (835 F2d at 430). But it did so in the context of determining whether a sublease having a year remaining in its term when the prime landlord attempted to accelerate the net lease constitutes property of the bankrupt subtenant’s estate, a context having nothing to do with 11 USC § 362 (b) (10) (cf. In re Policy Realty Corp., supra; Nadine Props. v Bergmann & Co., 153 Misc 2d 695 [Civ Ct, NY County 1991, Lippmann, J.]). Moreover, “possessory interest” is not identical to the “naked possession” to which the respondent effectively laid claim (cf. In re Damianopoulos, 93 Bankr 3 [ND NY 1988, Gerling, J.]). Thus, courts have ruled that “naked possession” is of “no value” to the debtor’s estate and is therefore insufficient to invoke the automatic stay protections of the Bankruptcy Code (cf. In re Neville, supra; see also Radol v Centeno, 165 Misc 2d 448 [Civ Ct, Queens County 1995, Haber, J.]). Indeed, if, as respondent contended, mere possession were enough to render the exception inapplicable, not only would the purpose of the exception be undermined (see In re Policy Realty Corp., supra), the exception itself would be absolutely meaningless (In re Neville, supra).
Respondent’s companion assertion — that even where, as here, a lease has terminated by lapse of time, a judicial declaration confirming the termination is required before the 11 USC § 362 (b) (10) exception applies — is without merit. Such a judicial determination might be necessary, or at least useful, where a lease is terminated other than by expiration of its ap *692 pointed term (see Nadine Props. v Bergmann & Co., supra). But the fact that there may be no reported case applying 11 USC § 362 (b) (10) that does not also involve a prior judicial determination (see e.g. In re Neville, supra) or judgment by stipulation (see e.g. Radol v Centeno, supra) declaring the lease or tenancy at an end merely suggests that, heretofore, the plain language and underlying purpose of 11 USC § 362 (b) (10) and § 541 have been applied to situations like the one before me without controversy (cf. Little v Bright Holding Corp., 155 Misc 2d 686 [Civ Ct, Kings County 1992, Rudtizky, J.] [where the prior judicial declaration was so unimportant to the holding, it is mentioned only parenthetically]).
Conclusion
There is no basis for staying this proceeding. Moreover, petitioner, who at the inquest addressed and refuted the respondent’s prior and implicitly abandoned assertions that a month-to-month tenancy was discussed and thereby created (cf. In re Neville, supra), has established that it owns the Royal Avenue premises; that it leased them to respondent pursuant to a written agreement which, including an extension, provides for a stated term; that the stated, extended term has expired; and that respondent has continued in possession. Petitioner is thus entitled to the judgment of possession it seeks. It is also entitled to a warrant of eviction. Because of the imminent, and final, closing date for a contract of the sale of the premises about which respondent is fully aware, issuance of the warrant should be immediate. It appears, however, that sums from which to pay what is owed for “use and occupancy” is within the definition of property of the bankrupt’s estate (see 11 USC § 541; cf. In re Damianopoulos, supra). The request for “use and occupancy” is therefore dismissed without prejudice to an assertion of that claim in the Bankruptcy Court, or as that court might otherwise direct or allow.